RECEIVED
SEP 2 7 2005
CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ADWOWA JACOBS § | |
| § | |
| Plaintiff, § | |
| § | 2:05cv925-T |
| V. § | |
| § | CIVIL ACTION NO.: 2:05 CV- - |
| ELECTRONIC DATA SYSTEMS § | JURY DEMAND REQUESTED |
| CORPORATION and JEFF WILLIAMS, § | |
| § | |
| Defendants. § | |
| § | |

## COMPLAINT

COMES NOW the Plaintiff, ADWOWA JACOBS, by and through her attorney, and for a Complaint against the Defendants, states and alleges as follows:

### I. JURISDICTION AND VENUE

1. This Court has jurisdiction of the claim herein pursuant to 28 U.S.C. §§ 1331 and 1343(4). This civil action arises under the Constitution and laws of the United States. Plaintiff is alleging a violation of her rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. The jurisdiction of this court is invoked to secure protection of and redress deprivation of rights secured by Title VII providing for injunctive and other relief against retaliation.

2. Further, this Honorable Court has Supplemental Jurisdiction of the state tort claims herein pursuant to 28 U.S.C. § 1367. The state tort claims against Electronic Data Systems Corporation and Jeff Williams are so related to the claims in the action within such

original (subject matter) jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. The jurisdiction of this court is invoked to secure protection of and redress deprivation of rights secured by the laws of the State of Alabama providing for injunctive and other relief against retaliation.

3.      Venue herein is proper under 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3). Defendant Electronic Data Systems Corporation is a corporation doing business in Montgomery County, Alabama. Defendant Jeff Williams was the agent of the Defendants at all material times hereto, and the alleged unlawful employment practices were committed in the State of Alabama, in the Middle District therefore.

## II. PARTIES

4.      Plaintiff Adwowa Jacobs is a citizen of the United States and is a resident of the State of Alabama.

5.      Defendant Electronic Data Systems Corporation is a corporation doing business in the State of Alabama. At all times pertinent hereto, Defendant has been engaged in an industry affecting commerce and has had fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year.

6.      Defendant Jeff Williams, at all times pertinent hereto, has been an agent of, and employed by Electronic Data Systems Corporation.

## III. PROCEDURAL REQUIREMENTS

7.      On or about March 8, 2005, Plaintiff Adwowa Jacobs filed a Charge of Discrimination, satisfying the requirements of 42 U.S.C. § 2000e-5(b) and (e), with the Equal Employment Opportunity Commission. Such charge was filed within One Hundred

Eighty (180) days after the alleged unlawful employment practices occurred. On or about June 29, 2005, less than ninety (90) days prior to the filing of this Complaint, the Equal Employment Opportunity Commission issued to Plaintiffs a Notice of Right to Sue with respect to such Charges of Discrimination.

8. Any Defendant not specifically named in the EEOC charge nonetheless received adequate notice of the Plaintiff's EEOC charge; thus, suit is proper against these Defendants.

## IV. CLAIMS FOR RELIEF

### COUNT I

### SEXUAL HARASSMENT

9. Plaintiff hereby adopts and incorporates paragraphs 1 through 8 set forth above as if fully set forth herein.

10. On or about August 11, 1997, Plaintiff Adwowa Jacobs was hired by Defendant, Electronic Data Systems Corporation, to work at the Defendant's place of business, located in Montgomery County, Alabama.

11. During the course of her employment, Plaintiff was subjected to sexually suggestive remarks and derogatory comments as well as improper physical contacts by Defendant Jeff Williams and others.

12. Specifically, Plaintiff Adwowa Jacobs was subjected to the following acts of sexual harassment:

    A. Defendant Jeff Williams boarded an elevator with the Plaintiff and proceeded to grab the Plaintiff and press his body against her.

    B. Plaintiff told Defendant to get off of her and Defendant Jeff Williams

    told her "I'm cold and I need you to warm me up."

  C. Defendant Jeff Williams then proceeded to pull Plaintiff's blouse out of her pants and rub her bare stomach.

  D. Defendant Jeff Williams then began rubbing Plaintiff's breasts and put his hand in her pants.

  E. Defendant Jeff Williams then placed his head on Plaintiff's shoulder and told her that it felt good.

13. Male employees were not subjected to the harassment described in paragraph 12, and Plaintiff was subjected to such harassment substantially on the basis of her gender (sex).

14. Plaintiff did not encourage, welcome, or consent to the harassment described in paragraph 12.

15. The harassment described in paragraph 12 had a substantial detrimental effect on Plaintiff's employment and her psychological well-being.

16. Plaintiff gave Defendants notice of the harassment described in Paragraph 12 to her immediate supervisor.

17. Defendants also had notice of the harassment described in paragraph 12 because such harassment was pervasive and obvious.

18. Defendants failed to investigate and take remedial action in response to Plaintiff's complaints.

19. As a result of the Defendants' conduct, Plaintiff has suffered severe emotional distress, mental anguish, anxiety, stress, humiliation, inconvenience, and loss of enjoyment of life.

WHEREFORE, Plaintiff respectfully prays that this Honorable Court:

A. Issue a Declaratory Judgment that the acts, policies, practices, and procedures of Defendants complained of herein violated and continue to violate the rights of the Plaintiff under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq.;

B. Grant Plaintiff compensatory and punitive damages in an amount to be determined by a jury for the harassment, humiliation, discrimination, intimidation, mental anguish, and such other damages as may be shown at trial.

C. Grant to Plaintiff her attorneys' fees, costs, and disbursements; and

D. Grant such, further and additional relief as the Court may deem proper.

## COUNT II

### NEGLIGENT HIRING, TRAINING & SUPERVISION

20. Plaintiff hereby adopts and incorporates paragraphs 1 through 19 set forth above as if fully set forth herein.

21. Defendant Electronic Data Systems Corporation negligently hired, trained and supervised Defendant Jeff Williams.

22. As a proximate consequence of Defendant's negligence, Plaintiff was injured and damaged in that she was sexually harassed, was forced to work in a hostile environment, was subjected to embarrassment, humiliation, intimidation, suffered mental anguish and emotional distress and was otherwise injured and damaged as aforesaid.

WHEREFORE, Plaintiff demands judgment in excess of the jurisdictional limits of the Court against Defendants for compensatory and/or punitive damages, interest and costs.

## COUNT III

### WANTON HIRING, TRAINING & SUPERVISION

23. Plaintiff hereby adopts and incorporates paragraphs 1 through 22 set forth above as if fully set forth herein.

24. Defendant Electronic Data Systems Corporation acted wantonly when said Defendant hired, trained and supervised Defendant Jeff Williams.

25. As a proximate consequence of Defendant's wantonness, Plaintiff was injured and damaged as aforesaid.

WHEREFORE, Plaintiff demands judgment in excess of the jurisdictional limits of the Court against Defendants for compensatory and/or punitive damages, interest and costs.

## COUNT IV

### OUTRAGE

26. Plaintiff hereby adopts and incorporates paragraphs 1 through 25 set forth above as if fully set forth herein.

27. Defendants' conduct was extreme and outrageous; was directed toward an illegal purpose, discriminating against an employee because of her gender; and intentionally and/or recklessly caused severe emotional distress to Plaintiff.

28. As a proximate result of Defendants' extreme and outrageous conduct, Plaintiff was injured and damaged as aforesaid.

WHEREFORE, Plaintiff demands judgment in excess of the jurisdictional limits of the Court against Defendants for compensatory and/or punitive damages, interest and costs.

## COUNT V

## ASSAULT AND BATTERY

29.     Plaintiff hereby adopts and incorporates paragraphs 1 through 28 set forth above as if fully set forth herein.

30.     Defendant Jeff Williams assaulted and battered Plaintiff.

31.     As a proximate result of Defendant's assault and battery, Plaintiff was injured and damaged as aforesaid.

WHEREFORE, Plaintiff demands judgment in excess of the jurisdictional limits of the Court against Defendants for compensatory and/or punitive damages, interest and costs.

## COUNT VI

## INVASION OF PRIVACY

32.     Plaintiff hereby adopts and incorporates paragraphs 1 through 31 set forth above as if fully set forth herein.

33.     Plaintiff avers that Defendants' actions or inactions and conduct constituted a wrongful intrusion into her private life and activities (an invasion of privacy) in such a manner as to cause outrage, mental anguish, shame, and humiliation, i.e. the Defendant intentionally interfered with the Plaintiff's interest in solitude and seclusion, either as to her person or to her private affairs and concerns.

34.     As a proximate cause of the Defendants invasion of Plaintiff's privacy, Plaintiff was injured as aforesaid.

WHEREFORE, Plaintiff demands judgment in excess of the jurisdictional limits of the Court against Defendants for compensatory and/or punitive damages, interest and costs.

Respectfully Submitted, this the 27th day of September, 2005.

/s/ L. D. Walker, III
L. D. WALKER, III (WAL143)
Attorney For Plaintiff

OF COUNSEL:

L. D. WALKER, III
8650 Minnie Brown Road, Suite 160
Montgomery, Alabama 36117
Telephone: (334) 215-4513
Telecopier: (334) 215-4532

/s/ L. D. Walker, III
OF COUNSEL