UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ADWOWA JACOBS, | § § | |
| Plaintiff, | § § | |
| v. | § § § | CIVIL ACTION NO. 2:05CV925-T |
| ELECTRONIC DATA SYSTEMS CORPORATION AND JEFF WILLIAMS, | § § § | |
| Defendants. | § § § | |

### ELECTRONIC DATA SYSTEMS CORPORATION'S
### ANSWER TO PLAINTIFF'S COMPLAINT

Electronic Data Systems Corporation ("EDS"), one of the Defendants in the above-entitled and numbered cause, files its Answer to Plaintiff's Complaint ("Complaint") and states as follows:

### I.  JURISDICTION AND VENUE

1. EDS admits that this Court has jurisdiction over the above-entitled and numbered cause. EDS denies that it engaged in any unlawful conduct toward Plaintiff.

2. EDS admits that this Court has supplemental jurisdiction over the state tort claims alleged in above-entitled and numbered cause. EDS denies that it engaged in any unlawful conduct toward Plaintiff.

3. EDS admits that venue is proper in the United States District Court for the Middle District of Alabama, Northern Division. EDS is a Delaware Corporation, with its principal place of business in the State of Texas. EDS denies the remaining allegations set forth in paragraph 3 of Plaintiff's Complaint.

## II. PARTIES

4. Upon information and belief, EDS admits that Adwowa Jacobs ("Plaintiff") is a citizen of the United States and is a resident of the State of Alabama.

5. EDS is a Delaware corporation, with its principal place of business in the State of Texas. EDS admits the remaining allegations set forth in paragraph 5 of Plaintiff's Complaint.

6. EDS admits that Defendant Jeff Williams ("Williams") was an employee of EDS during the relevant time period. EDS denies the remaining allegations set forth in paragraph 6 of Plaintiff's Complaint.

## III. PROCEDURAL REQUIREMENTS

7. EDS admits that Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission. EDS is without sufficient information to admit or deny that the Charge was filed within One Hundred-Eighty (180) days after the alleged unlawful employment practices and, thus, denies the same. EDS admits that a Right to Sue was issued on June 29, 2005, but is without sufficient information to admit or deny the remaining allegations set forth in paragraph 7 of Plaintiff's Complaint and, accordingly, denies the same.

8. EDS denies the allegations set forth in paragraph 8 of Plaintiff's Complaint.

## IV. CLAIMS FOR RELIEF

### COUNT I
### SEXUAL HARASSMENT

9. No admission or denial is required of EDS in response to paragraph 9 of Plaintiff's Complaint.

10. EDS admits the allegations set forth in paragraph 10 of Plaintiff's Complaint.

11. EDS denies the allegations set forth in paragraph 11 of Plaintiff's Complaint.

12. EDS denies the allegations set forth in the introductory sentence of paragraph 12 of Plaintiff's Complaint.

    A. Upon information and belief, EDS admits that Defendant Jeff Williams boarded an elevator with Plaintiff on or about February 10, 2005. Upon information and belief, EDS denies the remaining allegations set forth in paragraph 12.A. of Plaintiff's Complaint.

    B. Upon information and belief, EDS denies the allegations set forth in paragraph 12.B. of Plaintiff's Complaint.

    C. Upon information and belief, EDS denies the allegations set forth in paragraph 12.C. of Plaintiff's Complaint.

    D. Upon information and belief, EDS denies the allegations set forth in paragraph 12.D. of Plaintiff's Complaint.

    E. Upon information and belief, EDS denies the allegations set forth in paragraph 12.E. of Plaintiff's Complaint.

13. EDS admits that employees are not subjected to harassment. EDS denies the remaining allegations set forth in paragraph 13 of Plaintiff's Complaint.

14. Upon information and belief, EDS denies the allegations set forth in paragraph 14 of Plaintiff's Complaint.

15. EDS denies the allegations set forth in paragraph 15 of Plaintiff's Complaint.

16. EDS admits that Plaintiff told her direct supervisor that Williams touched her in an inappropriate manner in the elevator. EDS denies that Plaintiff described the incident in a similar fashion as set forth in paragraph 12 of the Complaint, and EDS otherwise denies the remaining allegations set forth in paragraph 16 of Plaintiff's Complaint.

17. EDS denies the allegations set forth in paragraph 17 of Plaintiff's Complaint.

18. EDS denies the allegations set forth in paragraph 18 of Plaintiff's Complaint.

19. EDS denies the allegations set forth in paragraph 19 of Plaintiff's Complaint.

## COUNT II
## NEGLIGENT HIRING, TRAINING & SUPERVISION

20. No admission or denial is required of EDS in response to paragraph 20 of Plaintiff's Complaint.

21. EDS denies the allegations set forth in paragraph 21 of Plaintiff's Complaint.

22. EDS denies the allegations set forth in paragraph 22 of Plaintiff's Complaint.

## COUNT III
## WANTON HIRING, TRAINING & SUPERVISION

23. No admission or denial is required of EDS in response to 23 of Plaintiff's Complaint.

24. EDS denies the allegations set forth in paragraph 24 of Plaintiff's Complaint.

25. EDS denies the allegations set forth in paragraph 25 of Plaintiff's Complaint.

## COUNT IV
## OUTRAGE

26. No admission or denial is required of EDS in response to paragraph 26 of Plaintiff's Complaint.

27. EDS denies the allegations set forth in paragraph 27 of Plaintiff's Complaint.

28. EDS denies the allegations set forth in paragraph 28 of Plaintiff's Complaint.

## COUNT V
## ASSAULT & BATTERY

29. No admission or denial is required of EDS in response to paragraph 29 of Plaintiff's Complaint.

30. Upon information and belief, EDS denies the allegations set forth in paragraph 30 of Plaintiff's Complaint.

31. EDS denies the allegations set forth in paragraph 31 of Plaintiff's Complaint.

## COUNT VI
## INVASION OF PRIVACY

32. No admission or denial is required of EDS in response to paragraph 32 of Plaintiff's Complaint.

33. EDS denies the allegations set forth in paragraph 33 of Plaintiff's Complaint.

34. EDS denies the allegations set forth in paragraph 34 of Plaintiff's Complaint.

## V. AFFIRMATIVE DEFENSES

By way of further answer, if any is needed, EDS hereby pleads the following affirmative defenses:

35. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

36. Plaintiff's economic damages, if any, are limited or foreclosed by her failure to engage in reasonable efforts to mitigate those damages.

37. At all times relevant to this lawsuit, EDS acted in good faith and in accordance with applicable laws.

38. Any action taken by EDS was taken for legitimate, non-discriminatory business reasons, not for the purpose of interfering with or depriving Plaintiff of benefits.

39. EDS was not the cause of any injuries allegedly suffered by Plaintiff.

40. Plaintiff's damages may be limited and/or foreclosed by the after acquired evidence doctrine.

41. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

42. Plaintiff's claims are barred by her failure to exhaust her available administrative remedies.

43. Plaintiff's own acts or omissions caused or contributed to Plaintiff's alleged injury.

44. Plaintiff fails to state a claim against EDS that would warrant the award of punitive damages.

45. Plaintiff is not entitled to punitive damages as none of the actions taken by EDS relative to Plaintiff were taken maliciously, intentionally, in bad faith or with callous or reckless disregard for the federally protected rights of Plaintiff.

46. Plaintiff's claims of punitive damages, and the provisions of Alabama law governing the right to recover punitive damages or the determination of the amount of punitive damages, violate the Constitution and/or the common law or the public policies of the United States on the following grounds:

   (a) It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant, upon Plaintiff satisfying a burden of proof which is less than the beyond a reasonable doubt standard required in criminal cases.

   (b) The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of a punitive award against a defendant, which violates EDS's rights to due process guaranteed by the United States Constitution.

   (c) The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages, which violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

   (d) The procedures pursuant to which punitive damages are awarded result in the imposition of different or disparate penalties for the same or similar acts, and thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution and EDS's due process rights.

   (e) Plaintiff's claim for punitive damages against EDS cannot be sustained because an award of punitive damages under Alabama law subject to no predetermined limit,

  such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose, including an amount possibly in excess of the amount authorized by the Alabama Criminal Code for the same or similar conduct, and providing no protection against awards of punitive damages for the same course of conduct, will violate EDS's due process and equal protection rights guaranteed by the Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

(f)  The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution and in violation of EDS's due process rights.

(g)  Plaintiff's claims for punitive damages against EDS cannot be sustained because any award of punitive damages under Alabama law would violate EDS's due process rights inasmuch as juries are allowed to award punitive damages as they see fit or as a matter of moral discretion without adequate or specific standards as to the amount necessary to punish and deter and without a necessary relationship to the amount of actual harm caused.

(h)  Plaintiff's claims of punitive damages, and the provisions of Alabama law governing the right to recover punitive damages or the determination of punitive damages are unconstitutionally vague, indefinite and uncertain, and they deprive EDS of due process of law.

(i)  Plaintiff's claims of punitive damages, and the provisions of Alabama law governing the right to recover punitive damages or the determination of punitive damages cause EDS to be treated differently from other similarly situated persons/entities by subjecting EDS to liability beyond the actual loss, if any, caused by EDS's conduct, if any, and to liability determined without clearly defined principles, standards and limits on the amount of such awards.

(j)  Plaintiff's claims of punitive damages, and the provisions of Alabama law governing the right to recover punitive damages or the determination of punitive damages subject EDS to punishment for the conduct of others through vicarious liability, respondent superior, or through nonapportionment of damages among joint tortfeasors based on the respective enormity of their alleged misconduct, in violation of EDS's due process rights and the Fifth and Fourteenth Amendments to the United States Constitution.

(k)  Plaintiff's claims for punitive damages, and the provisions of Alabama law governing the right to recover punitive damages or the determination of punitive damages expose EDS to the risk of indefinable, unlimited liability unrelated to the actual loss caused by EDS's conduct, creating a chilling effect on EDS's exercise of its right to a judicial resolution of this dispute.

(l) Plaintiff is not entitled to recover punitive damages because it violates the self-incrimination clause of the Fifth Amendment to the United States Constitution to impose against EDS punitive damages, which are penal in nature, yet compel EDS to disclose potentially incriminating documents and evidence.

(m) An award of punitive damages in this case would constitute a deprivation of property without due process of law.

(n) The procedures pursuant to which punitive damages are awarded are not rationally related to legitimate government interests.

(o) The procedures pursuant to which punitive damages are awarded subject EDS to punishment under a law not fully established before the alleged offense.

47. Plaintiff's claims of punitive damages, and the provisions of Alabama law governing the right to recover punitive damages or the determination of the amount of punitive damages, violate the Alabama Constitution and/or the common law or public policies of Alabama on the following grounds:

(a) It is a violation of Article I, §§ 1 and 6 of the Alabama Constitution to impose punitive damages, which are penal in nature, upon a civil defendant, upon Plaintiff satisfying a burden of proof less than the beyond a reasonable doubt standard required in criminal cases.

(b) The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of a punitive award against a Defendant in violation of EDS's due process rights guaranteed by the Alabama Constitution.

(c) The procedures pursuant to which punitive damages are awarded are unconstitutionally vague, indefinite and uncertain, and they deprive EDS of due process of law in violation of the Alabama Constitution.

(d) The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of an award of punitive damages and deprive EDS of due process of law in violation of the Alabama Constitution.

(e) An award of punitive damages in this case would constitute a deprivation of property without due process of law.

(f) The procedures pursuant to which punitive damages are awarded cause EDS to be treated differently from other similarly situated persons/entities by subjecting EDS to liability beyond the actual loss, if any, caused by EDS's conduct, if any,

        and to liability determined without clearly defined principles, standards and limits on the amount of such awards.

(g)      The procedures pursuant to which punitive damages are awarded may result in the imposition of different or disparate penalties for the same or similar conduct, which denies EDS its right of equal protection and due process.

(h)      The procedures pursuant to which punitive damages may be awarded allow excessive fines to be imposed in violation of Article I, § 15 and Article I, § 1 of the Alabama Constitution and in violation of EDS's due process rights.

(i)      The procedures pursuant to which punitive damages are awarded subject EDS to punishment under a law not fully established before the alleged offense, in violation of Article I, § 7 of the Alabama Constitution.

(j)      It is a violation of the Alabama Constitution to impose punitive damages against EDS, which are penal in nature, yet compel EDS to disclose potentially incriminating documents and evidence.

(k)      The procedures pursuant to which punitive damages are awarded subject EDS to punishment for the conduct of others through vicarious liability, *respondeat superior*, or through nonapportionment of damages among joint tortfeasors based on the respective enormity of their alleged misconduct, in violation of EDS's due process rights and Article I, §§ 1, 6, 13 and 22 of the Alabama Constitution.

(l)      The procedures pursuant to which punitive damages are awarded expose EDS to the risk of indefinable, unlimited liability unrelated to the actual loss caused by EDS's conduct, creating a chilling effect on EDS's exercise of its right to a judicial resolution of this dispute.

(m)      The procedures pursuant to which punitive damages are awarded are not rationally related to legitimate government interests.

(n)      Plaintiff's claim for punitive damages against EDS cannot be sustained because an award of punitive damages under Alabama law subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose, including an amount possibly in excess of the amount authorized by the Alabama Criminal Code for the same or similar conduct, and providing no protection against awards of punitive damages for the same course of conduct, will violate EDS's due process and equal protection rights guaranteed by the Alabama Constitution. Further, to allow such an award would be improper under the common law and/or public policies of the State of Alabama.

(o)      Plaintiff's claims for punitive damages against EDS cannot be sustained because any award of punitive damages under Alabama law would violate EDS's due

process rights inasmuch as juries are allowed to award punitive damages as they see fit or as a matter of moral discretion without adequate or specific standards as to the amount necessary to punish and deter and without a necessary relationship to the amount of actual harm caused.

48.  An award of punitive damages will violate EDS's rights to due process of law under the Fifth and Fourteenth Amendments to the United States Constitution and EDS's rights under Article I, § § 6 and 13 of the Constitution of Alabama of 1901, because under Alabama law:

(a)  the standard for an award of punitive damages is so vague, indefinite and uncertain that it does not give EDS adequate notice of the kind of conduct for which it may be liable for punitive damages or the extent of its possible liability;

(b)  the judge or jury is not provided with constitutionally adequate standards of sufficient clarity, objectivity, and uniformity for determining either the appropriate imposition of an award of punitive damages or the appropriate size of an award of punitive damages;

(c)  the judge or jury is not instructed in a constitutionally adequate manner on the limits of punitive damages awards imposed by the applicable principles of punishment and deterrence;

(d)  the judge or jury is not expressly prohibited from awarding punitive damages, or from determining the amount of an award of punitive damages, in whole or in part, on the basis of individually discriminatory characteristics, including without limitation the residence, wealth, and corporate status of EDS;

(e)  EDS may be subjected to punishment based upon the same course of conduct in more than one action;

(f)  the judge or jury is permitted to award punitive damages under standards for determining liability for, and the amount of, punitive damages that are vague and arbitrary and that do not define with sufficient clarity the culpable conduct or mental state that makes an award of punitive damages permissible; and

(g)  an award of punitive damages is not subject to judicial review for reasonableness and furtherance of legitimate purposes on the basis of constitutionally adequate standards of sufficient clarity, objectivity, and uniformity.

49.  Plaintiff's claim for punitive damages is barred to the extent that it seeks the admission into evidence of EDS's net worth in determining whether punitive damages are to be

10

awarded and/or in what amount they are to be awarded because punitive damages are a form of punishment that is grounded in a defendant's status rather than in specific misconduct, and thus has the effect of treating classes of citizens unequally in violation of the Equal Protection Clause of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, § § 1, 6, 13, and 22 of the Alabama Constitution.

50.     Punitive damages are a form of criminal or quasi-criminal sanctions. Therefore, the claims of Plaintiff for punitive damages cannot be upheld, because an award of punitive damages without the same protections that are accorded criminal Defendants, including, but not limited to, protection against searches and seizures, double jeopardy and self-incrimination and the rights to confront adverse witnesses, to proof by evidence beyond a reasonable doubt, and to a speedy trial would violate EDS's rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article 1, § § 1, 5, 6, 7, 9, 11, 13 and 22 of the Alabama Constitution. These rights will be violated unless EDS is afforded the safeguards guaranteed by these provisions, including, but not limited to, the right to separate trials if requested by it for the determination of liability for compensatory and punitive damages, as well as for the determination of the amount of punitive damages, if any.

51.     The claims of Plaintiff for punitive damages against EDS cannot be upheld, because an award of punitive damages under Alabama law for the purpose of compensating Plaintiff for elements of damage not otherwise recognized by Alabama law would violate EDS's due process rights guaranteed by the United States Constitution and by the due process provisions of the Alabama Constitution.

52. The claims of Plaintiff for punitive damages against EDS cannot be upheld to the extent they are in violation of any law passed by the United States Congress or the Alabama Legislature limiting awards of punitive damages.

53. Plaintiff's claim for punitive damages cannot be upheld to the extent it violates or contravenes the holding of the United States Supreme Court in ruling on the case of *BMW v. Gore*, 116 S.Ct. 1589 (1996).

54. Plaintiff's claim for punitive damages cannot be upheld based on all grounds that the United States Supreme Court, in *BMW v. Gore,* 116 S.Ct. 1589 (1996), determined that the provisions of Alabama law governing the right to recover punitive damages or the determination of the amount of punitive damages violate EDS's rights provided by the United States Constitution.

55. Plaintiff's claim for punitive damages cannot be upheld under *BMW v. Gore*, 116 S. Ct. 1589 (1996) to the extent it is not based on the least drastic remedy or lowest amount of punitive damages that could be expected to ensure that EDS will more fully comply with this state's laws in the future.

56. Any claim for punitive damages against EDS cannot be sustained, because an award of punitive damages under Alabama law subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose, including an amount possibly in excess of the amount authorized by the Alabama Criminal Code for the same or similar conduct, and providing no protection against multiple awards of punitive damages for the same course of conduct, will violate EDS's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and by Article I, sections 1, 6, 13, and 22 of the

Alabama Constitution, and would be improper under the common law and public policies of the State of Alabama.

57.     Plaintiff is not entitled to recover punitive damages in excess of $250,000.00 pursuant to Alabama Code § 6-11-21 (1975).  See Oliver v. Towns, No. 1970312, 1999 WL 14675, *7 n.7 (Ala. Jan. 15, 1999) (remanding for consideration of whether $250,000.00 cap established by legislature applied and questioning whether Henderson v. Alabama Power Co., 627 So. 2d 878 (Ala. 1993) remains good law).

58.     EDS adopts and incorporates the standards with respect to punitive damages set forth in Cooper Indus., Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424 (2001).

59.     Plaintiff's claims against EDS are groundless, completely void of merit, and have been brought for purposes of harassment and without factual support.  As a result of this action, EDS has been compelled to employ the firms of Baker & Hostetler LLP and Burr & Forman LLP to defend it in this frivolous action.

60.     Plaintiff's claim of sexual harassment against EDS is foreclosed because EDS internally investigated Plaintiff's claim and took prompt and effective remedial measures as a result of that investigation.

61.     To the extent that Defendant Williams engaged in the conduct described in paragraph 12 of Plaintiff's Complaint, which on information and belief EDS denies, Defendant Williams would have been acting out of the course and scope of his employment, and therefore EDS would not be liable for such alleged conduct.

62.     Defendant Williams did not have actual, implied, or apparent authority to engage in conduct of the nature described in paragraph 12 of the Complaint.

Case 2:05-cv-00925-MHT-SRW   Document 4-2   Filed 02/07/2006   Page 14 of 15

63.  Plaintiff's negligence claims are barred by the exclusive remedial scheme contained in Alabama Workers' Compensation law.

64.  EDS reserves the right to assert additional defenses as they become known through discovery or otherwise.

WHEREFORE, Electronic Data Systems Corporation prays that Plaintiff take nothing by virtue of this suit and that Electronic Data Systems Corporation recover its costs and attorney's fees, and for such other and further relief to which it may show itself justly entitled.

Dated:   February 7, 2006                    Respectfully submitted,

**BURR & FORMAN LLP**

s/ Ashley H. Hattaway
Ashley H. Hattaway (HAT007)
Wachovia Tower
420 North Twentieth Street, Suite 3100
Birmingham, Alabama 35203
Telephone: (205) 458-5135
Telecopier: (205) 458-5100

Attorneys for Defendant
ELECTRONIC DATA SYSTEMS CORPORATION

OF COUNSEL:

Tonya A. Jacobs
State Bar No. 00790954
Fed. ID No. 18459
Rachel M. Smith
State Bar No. 24046483
Fed. ID No. 570875
1000 Louisiana, Suite 2000
Houston, TX  77002-5009
Telephone:  (713) 751-1600
Telecopier:  (713) 751-1717

14

15

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been sent by certified mail, return receipt requested, to the following counsel of record on this the 7th day of February, 2006.

L.D. Walker, III
8650 Minnie Brown Road, Suite 160
Montgomery, Alabama  36117
Telephone:  (334) 215-4513
Telecopier:  (334) 215-4532


                                              s/ Ashley H. Hattaway
                                              Ashley H. Hattaway