IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ADWOWA JACOBS | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO.  2:05 CV 925-T |
| | ) |
| ELECTRONIC DATA SYSTEMS | ) |
| CORPORATION and JEFF WILLIAMS, | ) |
| | ) |
| Defendants. | ) |

**ANSWER TO PLAINTIFF'S COMPLAINT
OF DEFENDANT JEFF WILLIAMS**

COMES NOW, Defendant **JEFF WILLIAMS**, and for his Answer to the Plaintiff's Complaint, states as follows:

**I. JURISDICTION AND VENUE**

1.  Defendant Williams admits that this Court has jurisdiction over the above-styled cause, but denies that he engaged in any unlawful conduct toward Plaintiff. Defendant Williams further denies that he is liable to Plaintiff in any manner or amount whatsoever.

2.  Defendant Williams admits that this Court has supplemental jurisdiction over the state tort claims as alleged in Plaintiff's Complaint, but denies that he engaged in any unlawful conduct toward Plaintiff. Defendant Williams further denies that he is liable to Plaintiff in any manner or amount whatsoever.

3.  Defendant Williams admits that venue is proper in the United States District Court for the Middle District of Alabama, Northern Division. Defendant Williams denies that he engaged

in any unlawful conduct toward the Plaintiff and further denies that he is liable to Plaintiff in any manner or amount whatsoever.

## II.  PARTIES

4. Defendant Williams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5. Defendant Williams admits, upon information and belief, that Electronic Data Systems Corporation is a corporation doing business in the State of Alabama.  Defendant Williams is without knowledge or information sufficient to form a belief as to the truth as to the remaining allegations contained in Paragraph 5 of Plaintiff's Complaint.

6. Defendant Williams admits that he is an employee of Electronic Data Systems Corporation, but denies that he is liable to Plaintiff in any manner or amount whatsoever.

## III.  PROCEDURAL REQUIREMENTS

7. Defendant Williams admits that Plaintiff filed charges with the Equal Employment Opportunity Commission and a Right to Sue was issued.  However, Defendant Williams is without sufficient information to either admit or deny the remaining allegations of Paragraph 7 of Plaintiff's Complaint and thus, denies any explicit or implicit allegations contained in Paragraph 7.  Defendant Williams further denies that he is liable to Plaintiff in any manner or amount whatsoever.

8. Defendant Williams denies the allegations contained in Paragraph 8 of Plaintiff's Complaint.

## IV.  CLAIMS FOR RELIEF

### ANSWER AS TO COUNT I - SEXUAL HARASSMENT

9.  Defendant Williams incorporates by reference his responses to Paragraphs 1 through 8 as if each were set forth fully herein.

10. Defendant Williams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. Defendant Williams denies the allegations contained in Paragraph 11 of Plaintiff's Complaint and demands strict proof thereof.  Further, Defendant Williams denies that he is liable to Plaintiff in any manner or amount whatsoever.

12. Defendant Williams denies that he engaged in any unlawful acts toward Plaintiff and as to Plaintiff's specific allegations states:

> A.   Defendant Williams admits that, on at least one occasion, he boarded an elevator with Plaintiff, but denies the remaining allegations contained in Paragraph 12A of Plaintiff's Complaint and demands strict proof thereof.
>
> B-E. Defendant Williams denies the allegations contained in Paragraphs 12B through 12E of Plaintiff's Complaint and demands strict proof thereof. Defendant Williams further denies that he engaged in any unlawful acts toward Plaintiff and denies that he is liable to Plaintiff in any manner or amount whatsoever.

13. Defendant Williams denies the allegations contained in Paragraph 13 of Plaintiff's Complaint. Defendant Williams further denies that he engaged in any unlawful acts toward Plaintiff and denies that he is liable to Plaintiff in any manner or amount whatsoever.

14.     Defendant Williams denies the allegations contained in Paragraph 14 of Plaintiff's Complaint. Defendant Williams further denies that he engaged in any unlawful acts toward Plaintiff and denies that he is liable to Plaintiff in any manner or amount whatsoever.

15.     Defendant Williams denies the allegations contained in Paragraph 15 of Plaintiff's Complaint. Defendant Williams further denies that he engaged in any unlawful acts toward Plaintiff, denies that he is liable to Plaintiff in any manner or amount whatsoever, and denies that Plaintiff has been injured as a result of any alleged conduct on his part.

16.     Defendant Williams is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 16 of Plaintiff's Complaint and therefore, such allegations are denied.

17.     Defendant Williams denies the allegations set forth in Paragraph 17 of Plaintiff's Complaint and demands strict proof thereof.

18.     The allegations set forth in Paragraph 18 of Plaintiff's Complaint do not require a response from Defendant Williams. However, Defendant Williams denies any explicit or implicit allegations as to him and demands strict proof thereof. Defendant Williams further denies that he engaged in any unlawful acts toward Plaintiff and denies that he is liable to Plaintiff in any manner or amount whatsoever.

19.     Defendant Williams denies the allegations contained in Paragraph 19 of Plaintiff's Complaint. Defendant Williams further denies that he engaged in any unlawful acts toward Plaintiff and denies that he is liable to Plaintiff in any manner or amount whatsoever.

Defendant Williams denies that Plaintiff is entitled to the damages and relief sought in the "WHEREFORE" clause following Paragraph 19 of Plaintiff's Complaint. Similarly, Defendant

Williams denies any explicit or implicit allegations as to him and demands strict proof thereof. Defendant Williams further denies that he engaged in any unlawful acts toward Plaintiff and denies that he is liable to Plaintiff in any manner or amount whatsoever.

### ANSWER AS TO COUNT II - NEGLIGENT HIRING, TRAINING & SUPERVISION

20. Defendant Williams incorporates by reference his responses to Paragraphs 1 through 19 as if each were set forth fully herein.

21. The allegations set forth in Paragraph 21 of Plaintiff's Complaint do not require a response from Defendant **Williams.** However, Defendant Williams denies that he engaged in any unlawful acts toward Plaintiff and denies that he is liable to Plaintiff in any manner or amount whatsoever.

22. Defendant **Williams** denies the allegations contained in Paragraph 22 of Plaintiff's Complaint and demands strict proof thereof. Defendant Williams further denies that he engaged in any unlawful acts toward Plaintiff and denies that he is liable to Plaintiff in any manner or amount whatsoever.

Defendant Williams denies that Plaintiff is entitled to the damages and relief sought in the "WHEREFORE" clause following Paragraph 22 of Plaintiff's Complaint and denies that he is liable to Plaintiff in any manner or amount whatsoever.

### ANSWER AS TO COUNT III - WANTON HIRING, TRAINING & SUPERVISION

23. Defendant Williams incorporates by reference his responses to Paragraphs 1 through 22 as if each were set forth fully herein.

24. The allegations set forth in Paragraph 24 of Plaintiff's Complaint do not require a response from Defendant **Williams.** However, Defendant Williams denies that he engaged in any unlawful acts toward Plaintiff and denies that he is liable to Plaintiff in any manner or amount whatsoever.

25. Defendant **Williams** denies the allegations contained in Paragraph 25 of Plaintiff's Complaint and demands strict proof thereof. Defendant Williams further denies that he engaged in any unlawful acts toward Plaintiff and denies that he is liable to Plaintiff in any manner or amount whatsoever.

Defendant Williams denies that Plaintiff is entitled to the damages and relief sought in the "WHEREFORE" clause following Paragraph 25 of Plaintiff's Complaint and denies that he is liable to Plaintiff in any manner or amount whatsoever.

### ANSWER AS TO COUNT IV - OUTRAGE

26. Defendant Williams incorporates by reference his responses to Paragraphs 1 through 25 as if each were set forth fully herein.

27. Defendant **Williams** denies the allegations set forth in Paragraph 27 of Plaintiff's Complaint and demands strict proof thereof. Defendant Williams further denies that he engaged in any unlawful acts toward Plaintiff and denies that he is liable to Plaintiff in any manner or amount whatsoever.

28. Defendant **Williams** denies the allegations set forth in Paragraph 28 of Plaintiff's Complaint and demands strict proof thereof. Defendant Williams further denies that he engaged in

any unlawful acts toward Plaintiff and denies that he is liable to Plaintiff in any manner or amount whatsoever.

Defendant Williams denies that Plaintiff is entitled to the damages and relief sought in the "WHEREFORE" clause following Paragraph 28 of Plaintiff's Complaint and denies that he is liable to Plaintiff in any manner or amount whatsoever.

### ANSWER AS TO COUNT V - ASSAULT AND BATTERY

29. Defendant Williams incorporates by reference his responses to Paragraphs 1 through 28 as if each were set forth fully herein.

30. Defendant **Williams** denies the allegations set forth in Paragraph 30 of Plaintiff's Complaint and demands strict proof thereof. Defendant Williams further denies that he engaged in any unlawful acts toward Plaintiff and denies that he is liable to Plaintiff in any manner or amount whatsoever.

31. Defendant **Williams** denies the allegations set forth in Paragraph 31 of Plaintiff's Complaint and demands strict proof thereof. Defendant Williams further denies that he engaged in any unlawful acts toward Plaintiff and denies that he is liable to Plaintiff in any manner or amount whatsoever.

Defendant Williams denies that Plaintiff is entitled to the damages and relief sought in the "WHEREFORE" clause following Paragraph 31 of Plaintiff's Complaint and denies that he is liable to Plaintiff in any manner or amount whatsoever.

### ANSWER AS TO COUNT VI - INVASION OF PRIVACY

32. Defendant Williams incorporates by reference his responses to Paragraphs 1 through 31 as if each were set forth fully herein.

33. Defendant **Williams** denies the allegations set forth in Paragraph 33 of Plaintiff's Complaint and demands strict proof thereof. Defendant Williams further denies that he engaged in any unlawful acts toward Plaintiff and denies that he is liable to Plaintiff in any manner or amount whatsoever.

34. Defendant **Williams** denies the allegations set forth in Paragraph 34 of Plaintiff's Complaint and demands strict proof thereof. Defendant Williams further denies that he engaged in any unlawful acts toward Plaintiff and denies that he is liable to Plaintiff in any manner or amount whatsoever.

Defendant Williams denies that Plaintiff is entitled to the damages and relief sought in the "WHEREFORE" clause following Paragraph 34 of Plaintiff's Complaint and denies that he is liable to Plaintiff in any manner or amount whatsoever.

### AFFIRMATIVE DEFENSES

For further answer to the Plaintiff's Complaint, Defendant **JEFF WILLIAMS** avers the following:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim or may fail to state a claim against Defendant **Williams** upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## THIRD DEFENSE

Plaintiff's claims are barred by her failure to exhaust her available administrative remedies.

## FOURTH DEFENSE

The Complaint fails to state a cause of action for negligence and/or wantonness against Defendant **Williams.**

## FIFTH DEFENSE

Defendant Williams denies that he acted in a negligent or wanton manner that caused or contributed to Plaintiff's alleged injuries or damages.

## SIXTH DEFENSE

Plaintiff brings this cause of action without substantial justification.

## SEVENTH DEFENSE

This cause of action is brought by the Plaintiffs without probable cause within the meaning of § 6-5-550, *Ala. Code* (1975, *as amended*).

## EIGHTH DEFENSE

Plaintiff's claims of negligent hiring, training, and supervision are due to be dismissed as to Defendant Williams as the individual defendant cannot be his own "master."

## NINTH DEFENSE

Plaintiff has failed to specifically set forth the acts (as required by law) to make a claim for invasion of Privacy and the Complaint fails to state a claim against this Defendant as to Invasion of Privacy and the Tort of Outrage. *Norris v. Moskin Stores, Inc.*, 272 Ala. 174, 132 So. 2d 321 (1961).

### TENTH DEFENSE

Plaintiff's economic damages, if any, are limited or foreclosed by her failure to engage in reasonable efforts to mitigate those damages.

### ELEVENTH DEFENSE

Plaintiff's damages may be limited and/or foreclosed by the after acquired evidence doctrine.

### TWELFTH DEFENSE

The award of discretionary, compensatory damages for mental suffering on behalf of the plaintiff violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States because there are no fixed standards for the ascertainment of compensatory damages recoverable for mental suffering. The amount of damage for such a claim is left to the sound discretion of the jury with no specific, much less objective standard, for the amount of the award. Therefore, the procedure pursuant to which compensatory damages for mental suffering are awarded violates the Constitution because:

A. It fails to provide a reasonable limit on the amount of the award against the defendant, which thereby violates the due process clause of the Fourteenth Amendment of the Constitution of the United States;

B. It fails to provide a specific standards for the amount of the award of compensation, which thereby violates the due process clause of the Fourteenth Amendment of the United States Constitution.

C. It results in the imposition of different compensation for the same similar acts and, thus, violates the equal protection clause of the Fourteenth Amendment of the United States Constitution; and

D. It constitutes deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

### THIRTEENTH DEFENSE

The award of discretionary compensatory damages for mental suffering to the Plaintiff herein violates the due process clause of Article I, § 6 of the Constitution of the State of Alabama because it fails to provide a limit on the amount of the award against Defendant, it is unconstitutionally vague, it fails to provide specific standard in the amount of the award of damages and, it constitutes a deprivation of property without the due process of law.

### FOURTEENTH DEFENSE

Plaintiff's demand herein for punitive damages violates the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 6 of the Constitution of Alabama of 1901. The Plaintiff's claim for punitive damages herein is vague and not rationally related to any legitimate government interests.

### FIFTEENTH DEFENSE

Plaintiff's demand herein for punitive damages violates the Sixth Amendment to the United States Constitution and Article I, Section 11 of the Constitution of Alabama of 1901. The Plaintiff's demand for punitive damages herein is penal in nature and deprives the Defendant of the same procedural safeguards accorded to a criminal defendant under said federal and state constitutional provisions.

### SIXTEENTH DEFENSE

Plaintiff's demand for punitive damages violates the Self-Incrimination Clauses of the Fifth Amendment of the United States Constitution and Article I, Section 6 of the Constitution of Alabama of 1901. The punitive damages claimed by the Plaintiff are penal in nature. The Defendant is required to disclose documents and/or other evidence without the safeguard against self-incrimination provided for in said federal and state constitutional provisions.

### SEVENTEENTH DEFENSE

Plaintiff's demand herein for punitive damages violates Article I, Sections 10 and 13 of the Constitution of Alabama of 1901.

### EIGHTEENTH DEFENSE

Plaintiff's demand herein for punitive damages is unconstitutional under the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 6 of the Constitution of Alabama of 1901. Said Constitutional provisions prohibit the deprivation of life, liberty or property without due process of law. Punitive damages are penal in nature and require a burden of proof which is less than the "beyond a reasonable doubt" standard required in criminal cases.

### NINETEENTH DEFENSE

Plaintiff's demand herein for punitive damages is unconstitutional under the Equal Protection Clauses of the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Sections 1, 6 and 22 of the Constitution of Alabama of 1901.

### TWENTIETH DEFENSE

Defendant Williams avers that the imposition of punitive damages under Alabama law is arbitrary and capricious. Inasmuch as there are no standards for fair and objective calculation of such damages and as the same are penal in nature, Plaintiff must show entitlement to the same by evidence beyond a reasonable doubt. Further imposition of punitive damages under Alabama law is contrary to the Due Process and Equal Protection clauses of both the Constitution of the United States of America and of the State of Alabama. Additionally, the imposition of punitive damages under Alabama law, even with Green Oil and Hammond's guidelines, is arbitrary and capricious leading to "grossly excessive" punitive damage awards, inasmuch as the jury is provided neither guidelines in reaching some rational ratio between compensatory and punitive damages nor some rational relation between the Defendant's alleged conduct and the legitimate interest of the State to punish unlawful conduct and deter its repetition. BMW of North America v. Gore, 116 S.Ct. 1589 (1996).

### TWENTY-FIRST DEFENSE

Notions of judicial fairness, Due Process, and constitutional jurisprudence dictate that a person receive fair notice of not only the conduct that will subject him to punishment but also the severity of the penalty that a State may impose. This State provides no such notice to Defendant leading to "grossly excessive" punitive damage awards that violate the United States Constitution and its amendments. BMW of North America v. Gore, 116 S.Ct. 1589 (1996).

## TWENTY-SECOND DEFENSE

Defendant Williams contests the damages and injuries which are being asserted in Plaintiff's Complaint and demands strict proof thereof.

## TWENTY-THIRD DEFENSE

**Defendant Jeff Williams reserves the right plead additional affirmative defenses as they become known in the course of discovery, including assumption of the risk and contributory negligence, until a reasonable time following the conclusion of all factual discovery in this case.**

/s/ James E. Williams
JAMES E. WILLIAMS (ASB-9283-W84J)
Melton, Espy & Williams, PC
Post Office Drawer 5130
Montgomery, AL 36103-5130
Telephone: (334) 263-6621
Facsimile: (334) 269-9515
jwilliams@mewlegal.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following on this the 7th day of February, 2006:

*Counsel for Plaintiff:*
L.D. Walker, III
Suite 150
8650 Minnie Brown Road
Montgomery, AL 36117
(334) 215-4513
deewalker@parkplacecenter.com

*Counsel for Electronic Data Systems Corporation:*
Ashley H. Hattaway
Wachovia Tower
420 North Twentieth Street, Suite 3100
Birmingham, AL 35203
(205) 458-5135
ahattawa@burr.com

/s/ James E. Williams
JAMES E. WILLIAMS (ASB-9283-W84J)
Melton, Espy & Williams, PC
Post Office Drawer 5130
Montgomery, AL 36103-5130
Telephone: (334) 263-6621
Fax: (334) 269-9515
jwilliams@mewlegal.com