IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ADWOWA JACOBS, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| ELECTRONIC DATA SYSTEMS | § | 2:05-CV-925-MHT-SRW |
| CORPORATION AND JEFF | § | |
| WILLIAMS, | § | |
| Defendants. | § | |

**ELECTRONIC DATA SYSTEMS CORPORATION'S
MOTION TO COMPEL AND FOR IMPOSITION OF SANCTIONS**

Electronic Data Systems Corporation ("EDS"), one of the Defendants in the above-entitled and numbered cause, files this its Motion to Compel and for Imposition of Sanctions pursuant to Rule 37 of the Federal Rules of Civil Procedure and, in support thereof, would respectfully show the Court as follows:

**I.   PRELIMINARY STATEMENT**

This is an employment case. Adwowa Jacobs ("Plaintiff"), who is currently employed as a Call Center Representative in EDS's Montgomery, Alabama facility, has sued EDS for (1) sexual harassment; (2) negligent hiring, training and supervision; (3) wanton hiring, training and supervision; (4) outrage; (5) assault and battery; and (6) invasion of privacy. Because of Plaintiff's failure to cooperate in the discovery process, EDS has found it necessary to file this Motion to Compel and for Imposition of Sanctions.

At issue are EDS's Requests for Admissions, Requests for Production, and Interrogatories which, to date, remain unanswered, though Plaintiff's responses were due on May 1, 2006 — more than six (6) weeks ago.

Although counsel for EDS has been conferring with Plaintiff's counsel since May 8, 2006 to obtain discovery responses, Plaintiff has failed to produce a single responsive document or to respond to EDS's Requests for Admissions or Interrogatories; nor has Plaintiff objected to any of EDS's discovery requests.  In fact, Plaintiff's only responses relating to EDS's repeated requests were an unfulfilled representation that Plaintiff's responses were forthcoming; and a voicemail to EDS's counsel, a return call to which, remains unanswered.  (*See* Affidavit of Rachel M. Smith at ¶ 7).  Given Plaintiff's dilatory tactics and overt disregard for her obligations under the Federal Rules of Civil Procedure, EDS requests that this Court enter an order compelling Plaintiff to respond to EDS's discovery requests and impose sanctions.

## II.     FACTUAL BACKGROUND

Plaintiff has continuously failed to comply with EDS's reasonable discovery requests. Plaintiff's dilatory tactics with respect to her discovery responses date back to March 10, 2006 when her responses to EDS's Requests for Disclosure were originally due.  Finally, after counsel for EDS contacted Plaintiff's counsel, Plaintiff's disclosures were filed five (5) days late. Plaintiff's dilatory tactics are further illustrated by her failure to respond to EDS's Requests for Admissions, Requests for Production, and Interrogatories, which were served on Plaintiff on or about March 27, 2006.[1]  Consequently, Plaintiff had thirty-three days (33) days in which to respond or until May 1, 2006.

As of May 8, 2006, counsel for EDS had not received Plaintiff's responses to the discovery propounded and, thus, sent a written conferral letter to Plaintiff and requested that

---

[1] A true and correct copy of Electronic Data Systems Corporation's First Set of Requests for Admissions, Interrogatories and Requests for Production is attached as Exhibit "A" to the Affidavit of Rachel M. Smith.

2

Plaintiff respond to EDS's discovery requests by close of business on Monday, May 15, 2006.[2] Plaintiff did not respond to this letter or to the discovery requests. As a result of Plaintiff's inaction, on May 22, 2006, counsel for EDS again notified Plaintiff that her responses to EDS's discovery requests were overdue.[3] (*See* Affidavit of Rachel M. Smith at ¶ 6). Though Stephen Frisby with the Walker Law Firm left a message for EDS's counsel representing that Plaintiff's discovery responses would be forthcoming on Tuesday, May 30, 2006—Plaintiff still did not respond to the Interrogatories or Requests for Admissions nor did she produce responsive documents. In yet another attempt to resolve this discovery dispute short of court intervention, on June 7, 2006, counsel for EDS again requested that Plaintiff respond to EDS's discovery requests.[4] Despite these repeated requests, as of this writing, EDS has yet to receive discovery responses from Plaintiff.

Although Plaintiff has had over eleven (11) weeks to respond to EDS's discovery requests, Plaintiff has consistently refused to cooperate. Indeed, Plaintiff's inaction demonstrates an utter disregard for her obligations under the Federal Rules of Civil Procedure. As a result, this Court should grant EDS's Motion to Compel and for Imposition of Sanctions.

### III. LEGAL STANDARDS

**A. Plaintiff has waived her right to object and should be ordered to provide full and complete responses to EDS's discovery requests.**

A party may discover any unprivileged matter that is relevant to the lawsuit and reasonably calculated to lead to the discovery of admissible evidence. FED. R. CIV. P. 26(b)(1). The Guidelines to Civil Discovery Practice in the Middle District of Alabama provide:

---

[2] A true and correct copy of Ms. Smith's May 8, 2006 letter to Plaintiff's counsel is attached as Exhibit "B" to the Affidavit of Rachel M. Smith.
[3] A true and correct copy of Ms. Smith's May 22, 2006 letter to Plaintiff's counsel is attached as Exhibit "C" to the Affidavit of Rachel M. Smith.
[4] A true and correct copy of Ms. Smith's June 7, 2006 letter to Plaintiff's counsel is attached as Exhibit "D" to the Affidavit of Rachel M. Smith.

> G.  *Timeliness of discovery responses; sanctions*
>
> The Federal Rules of Civil Procedure set out explicit time limits for responses to discovery requests. Those are the dates by which a lawyer should answer; he should not await a court order. If a lawyer cannot answer on time, he should move for an extension of time in which to answer, and inform opposing counsel so that in the meantime no motion to compel a response will be filed.
>
> Because lawyers are expected to respond when the rules provide, Rule 37(a)(4) provides that if an opposing lawyer must go to court to make the recalcitrant party answer, the moving lawyer is ordinarily awarded counsel fees spent in filing (and, if necessary, arguing) the motion to compel. <u>Rule 37 will be enforced in this district strictly according to its tenor</u>.

M.D. Ala. Guidelines for Civil Disc. Prac. § G. (emphasis added).

To this end, a party may file a motion to compel answers to interrogatories and responses to requests for production if the responding party fails to timely answer or object to discovery. FED. R. CIV. P. 37(2)(A). Furthermore, federal courts are authorized to impose sanctions against the party whose conduct necessitated the motion or the attorney advising such conduct or both. FED. R. CIV. P. 37(a)(A).

**B.    EDS's Requests for Admissions are "deemed" admitted.**

With respect to EDS's Requests for Admissions, Federal Rule of Civil Procedure 37(a) provides that a "matter is admitted unless, within 30 days after service of the request,… the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter." FED. R. CIV. P. 36(a). Because Plaintiff has failed to timely object or respond to any of EDS's Requests for Admissions, EDS respectfully requests that the Court acknowledge that each and every request sought is hereby deemed admitted. FED. R. CIV. P. 36(a); *Anheuser-Busch, Inc. v. Philpot*, 317 F.3d 1264, 1265 n.1 (11th Cir. 2003) ("[a] request [for admission] that is not responded to within 30 days of service is deemed admitted").

4

C.  **Plaintiff has waived her right to object to EDS's Requests for Production and Interrogatories.**

In addition, because Plaintiff has failed to timely object to EDS's Interrogatories and Requests for Production, she has waived the right to file objections to same. *See* FED. R. CIV. P. 33(b)(4); *Carela v. Bernard*, 155 F.R.D. 221, 227 (N.D. Ga. Mar. 17, 1994) ("failure to answer or object [to interrogatories] in a timely manner constitutes a waiver of the right to object"); *see also* FED. R. CIV. P. 34(b); *United Steel Works of Am., AFL-CIO-CLC v. Ivaco, Inc.*, 2002 WL 31932875, at *4 (N.D. Ga. Jan. 13, 2003)(as a general rule, when a party fails to object timely to discovery requests, such objections are waived). Therefore, EDS respectfully requests an order compelling Plaintiff to serve only complete answers to Interrogatories and to provide a full production of responsive documents.

D.  **Plaintiff's repeated failure to cooperate with EDS and to provide discovery responses is sanctionable.**

Throughout the course of this litigation, Plaintiff has exhibited a pattern of delay, neglect and intent to stall the discovery process. While defense counsel has extended professional courtesies time and again by seeking non-judicial resolution of the issues set forth in this motion, Plaintiff has been evasive, failing to provide even the most basic of information that is unquestionably relevant to her claims and clearly discoverable under the Federal Rules of Civil Procedure and the Local Rules of this Court which contemplate broad discovery and professional cooperation. FED. R. CIV. P. 26; 33; 34; 36; 37. M.D. Ala. Guidelines for Civil Disc. Prac. § G.

Plaintiff's use of dilatory tactics intentionally disregards the spirit of the discovery rules and the principles of judicial economy. Accordingly, in order to secure future compliance by Plaintiff and to deter the continued use of such tactics, Plaintiff's conduct must be penalized. Indeed, Plaintiff's continued inaction; despite the additional six (6) week grace period extended

5

by EDS is unjustifiable.  Consequently, EDS requests that this Court impose discovery sanctions in accordance with Rule 37(a)(4)(A) of the Federal Rules of Civil Procedure.  FED. R. CIV. P. 37(a)(4)(A).

In the pending action, sanctions are warranted to remedy the prejudice caused to EDS by Plaintiff's discovery abuses, including the failure to timely respond to Requests for Admissions, to answer Interrogatories, or to produce documents in response to EDS's Requests for Production.  Inasmuch as EDS has been prevented from discovering highly relevant and unprivileged information, and has incurred unnecessary expenses as a result of Plaintiff's unjustified refusal to respond to or cooperate in the discovery process, EDS requests that Plaintiff be ordered to pay its reasonable attorneys' fees and costs incurred in filing this Motion to Compel in the amount of $1000.00.  (*See* Affidavit of Rachel M. Smith at ¶ 8).

## IV.   CONCLUSION AND PRAYER

For the reasons stated above, EDS respectfully requests that this Court grant EDS's Motion to Compel and for Imposition of Sanctions, and for all other relief to which it may show itself to be justly entitled.

Respectfully submitted,

**Baker & Hostetler LLP**

By:  /s/
Tonya A. Jacobs
State Bar No. 00790954
Fed. ID No. 18459
Rachel M. Smith
State Bar No. 24046483
Fed. ID No. 570875
1000 Louisiana, Suite 2000
Houston, Texas 77002-5009
Telephone:  (713) 751-1600
Telecopier:  (713) 751-1717

6

>Burr & Forman LLP
>
>Ashley H. Hattaway (HAT007)
>Wachovia Tower
>420 North Twentieth Street, Ste. 3100
>Birmingham, Alabama 35203
>Telephone: (205) 458-5135
>Telecopier: (205) 458-5100
>
>Attorneys for Defendant
>Electronic Data Systems Corporation

## CERTIFICATE OF CONFERENCE

Counsel for EDS conferred with counsel for Plaintiff on May 8, 22, and June 7, 2006 about EDS's Motion to Compel and for Imposition of Sanctions.

>/s/
>Rachel M. Smith

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been sent by certified mail, return receipt requested, to the following counsel of record on this the 16th day of June, 2006.

>L. D. Walker, III
>The Walker Law Firm
>8650 Minnie Brown Road, Suite 160
>Montgomery, Alabama 36117

>/s/
>Rachel M. Smith

7