IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ADWOWA JACOBS, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| ELECTRONIC DATA SYSTEMS | § | 2:05-CV-925-MHT-SRW |
| CORPORATION AND JEFF | § | |
| WILLIAMS, | § | |
| Defendants. | § | |

## AFFIDAVIT OF RACHEL M. SMITH

On this date, Rachel M. Smith personally appeared before me, the undersigned Notary Public, and after being duly sworn stated the following under oath:

1.     My name is Rachel Smith. I am currently over the age of twenty-one (21). I have never been convicted of a felony or a crime of moral turpitude. I am under no legal disability and I am fully competent to make this Affidavit. I am an attorney with Baker & Hostetler LLP and legal counsel handling this matter for Electronic Data Systems Corporation ("EDS"). As such, I have personal knowledge of the facts stated herein and they are true and correct.

2.     Attached hereto as Exhibit "A" is a true and correct copy of *Electronic Data Systems Corporation's First Set of Requests for Admissions, Interrogatories and Requests for Production* along with my letter of March 27, 2006 to L. D. Walker, III.

3.     Attached hereto as Exhibit "B" is a true and correct copy of my May 8, 2006 letter to L. D. Walker, III.

4.     Attached hereto as Exhibit "C" is a true and correct copy of my May 22, 2006 letter to L. D. Walker, III.

5.    Attached hereto as Exhibit "D" is a true and correct copy of my June 7, 2006 letter to L. D. Walker, III.

6.    On May 23, 2006, Stephen Frisby of the Walker Law Firm left a message for me representing that Plaintiff's discovery responses were forthcoming on May 30, 2006. To date, Plaintiff has not responded to EDS's Interrogatories, Requests for Admissions nor has she produced documents in response to EDS's Requests for Production.

7.    On or about June 14, 2006, Plaintiff's counsel, Dee Walker, III left me a voicemail. I returned Mr. Walker's call that same day, but have not heard back from him.

8.    As a result of Plaintiff's failure to comply with her discovery obligations, EDS has incurred a reasonable attorneys' fee in the sum of at least $1,000.00 for services performed to date in attempting to resolve this discovery dispute.

I declare under the penalty of perjury that the foregoing is true and correct.

Signed this _16th_ day of June, 2006.

_R. Smith_

Rachel M. Smith

SUBSCRIBED AND SWORN BEFORE ME on _June 16_, 2006.

_Criselda S. Stevens_

Notary Public in and for the State of Texas

My commission expires:

_12/23/09_

CRISELDA V. STEVENS
NOTARY PUBLIC, STATE OF TEXAS
MY COMMISSION EXPIRES
DEC. 23, 2009

# Baker Hostetler

Baker & Hostetler LLP

1000 Louisiana
Suite 2000
Houston, TX 77002-5009

T 713.751.1600
F 713.751.1717
www.bakerlaw.com

Tonya A. Jacobs
direct dial: 713.646.1358
tjacobs@bakerlaw.com

March 27, 2006

**CM RRR #7005 2570 0000 6689 7226**

Mr. L. D. Walker, III
The Walker Law Firm
8650 Minnie Brown Road, Suite 160
Montgomery, Alabama 36117

Re:  *Civil Action No. 2:05-CV-925-MHT-SRW; Adwowa Jacobs v. Electronic Data
Systems Corporation and Jeff Williams; In the United States District Court for
the Middle District of Alabama, Northern District*

Dear Mr. Walker:

Enclosed please find Electronic Data Systems Corporation's First Set of
Requests for Admissions, Interrogatories, an Requests for Production in reference to
the above entitled and numbered cause.

If you have any questions or comments, please do not hesitate to contact me.

Sincerely,

Tonya A. Jacobs

TAJ/cs
Enclosures

cc:  **CM RRR#7005 2570 0000 6689 7233**
Mr. James E. Williams
Melton, Espy & Williams, P.C.
Post Office Drawer 5130
Montgomery, Alabama 36103-5130


EXHIBIT
A

## Left Receipt

**U.S. Postal Service**
**CERTIFIED MAIL⍾ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com.

**OFFICIAL USE**

Postage $

Certified Fee

Return Receipt Fee
(Endorsement Required)

Restricted Delivery Fee
(Endorsement Required)

Total Postage & Fees $

Postmark Here

3/27/06

Sent To  _James E. Williams_
Street, Apt. No.;
or PO Box No.
City, State, ZIP+4

7005 2570 0000 6649 7233

PS Form 3800, June 2002    See Reverse for Instructions

## Right Receipt

**U.S. Postal Service**
**CERTIFIED MAIL⍾ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com.

**OFFICIAL USE**

Postage $

Certified Fee

Return Receipt Fee
(Endorsement Required)

Restricted Delivery Fee
(Endorsement Required)

Total Postage & Fees $

Postmark Here

3/27/06

Sent To  _L.D. Walker III_
Street, Apt. No.;
or PO Box No.
City, State, ZIP+4

7005 2570 0000 6649 7226

PS Form 3800, June 2002    See Reverse for Instructions

## Left Return Receipt (PS Form 3811)

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

James E. Williams
Melton Espy & Williams
P.O. Drawer 5130
Montgomery, AL 36103-5130

EDS / Jacobs

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____

B. Received by (Printed Name)   Jason Palmer

C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☑ Certified Mail  ☐ Express Mail
☐ Registered  ☐ Return Receipt for Merchandise
☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number   7005 2570 0000 6649 7233

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

## Right Return Receipt (PS Form 3811)

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

L.D. Walker III
8650 Minnie Brown Rd.
Suite 160
Montgomery, AL 36117

EDS / Jacobs

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____   ☐ Agent  ☐ Addressee

B. Received by (Printed Name)

C. Date of Delivery   3/30

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☑ Certified Mail  ☐ Express Mail
☐ Registered  ☐ Return Receipt for Merchandise
☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number   7005 2570 0000 6649 7226

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ADWOWA JACOBS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. |
| v. | § | |
| | § | 2:05-CV-925-MHT-SRW |
| ELECTRONIC DATA SYSTEMS | § | |
| CORPORATION AND JEFF | § | |
| WILLIAMS, | § | |
| Defendants. | § | |

**ELECTRONIC DATA SYSTEMS CORPORATION'S
FIRST SET OF REQUESTS FOR ADMISSIONS, INTERROGATORIES AND
REQUESTS FOR PRODUCTION**

TO:    Adwowa Jacobs, by and through her attorney of record, Mr. L.D. Walker, III, The
       Walker Law Firm, 8650 Minnie Brown Road, Suite 160, Montgomery, Alabama
       36117.

       Electronic Data Systems Corporation, Inc. ("EDS"), one of the Defendants in the above-

entitled and numbered cause, serves the following Requests for Admissions, Interrogatories and

Requests for Production, to which Plaintiff shall respond in accordance with the Federal Rules of

Civil Procedure.    Plaintiff must answer each Request for Admission, Interrogatory and/or

Request for Production separately.    Plaintiff must deliver her written responses, as well as

responsive documents, to counsel for EDS within thirty (30) days of service of same to Baker &

Hostetler LLP, 1000 Louisiana, Suite 2000, Houston, Texas 77002-5009.

Respectfully submitted,

BAKER & HOSTETLER LLP

Dated: March 27, 2006          By: _____
                                    Tonya A. Jacobs
                                    Texas Bar No. 00790954
                                    Federal I.D. No. 18459
                                    Rachel M. Smith
                                    Texas Bar No. 24046483
                                    Federal I.D. No. 570875
                                    1000 Louisiana, Suite 2000
                                    Houston, Texas 77002-5009
                                    (713) 751-1600 Telephone
                                    (713) 751-1717 Telecopier

BURR & FORMAN LLP

                                    Ashley H. Hattaway (HAT007)
                                    Wachovia Tower
                                    420 North Twentieth Street, Ste. 3100
                                    Birmingham, Alabama 35203
                                    Telephone: (205) 458-5135
                                    Telecopier: (205) 458-5100

ATTORNEYS FOR DEFENDANT ELECTRONIC
DATA SERVICES CORPORATION

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of March, 2006, a true and correct copy of the foregoing document has been served on the following counsel of record, via Certified Mail, return receipt requested:

L. D. Walker, III
The Walker Law Firm
8650 Minnie Brown Road, Suite 160
Montgomery, Alabama 36117

James E. Williams
Melton, Espy & Williams, P.C.
Post Office Drawer 5130
Montgomery, Alabama 36103-5130

_____
Tonya A. Jacobs

2

## **DEFINITIONS**

A.  "Jacobs," "You," or "Your" refers to Plaintiff, Adwowa Jacobs, including, without limitation, her agents, employees, attorneys, accountants, and all persons acting or purporting to act on her behalf.

B.  "Defendant" or "EDS" refers to Electronic Data Systems Corporation, Inc., including, without limitation, all persons which you contend act or purport to act on Defendant, EDS' behalf.

C.  "Defendants," in the plural, shall include both Electronic Data Systems Corporation, Inc. and Jeff Williams.

D.  "Williams" shall refer to Defendant, Jeff Williams.

E.  "Complaint" means Plaintiff's Complaint filed by you in this case, including all amendments thereto.

F.  The term "PERSON" includes a corporation, partnership, or any other type of business association or entity; a governmental body, municipality, board, agency, or entity of any type; and a natural person.

G.  The term "IDENTIFY" when used in connection with a natural person, entity, or document means that you are required to furnish the following information

   (a)    With respect to a natural person, state (i) his/her full name, (ii) his/her last known business and residence address and telephone numbers, (iii) his/her last known employer or place of employment and job title, and (iv) if such person was affiliated at any time with you by employment or otherwise, the nature and dates of such affiliation, including all job titles held and the dates during which each position was held;

   (b)    With respect to an entity, state its full name, address and telephone number; and

   (c)    With respect to a document, either produce a copy of the document or (i) state the title of the document, its, date, author and list its recipient(s) (as applicable), (ii) list any identification number, (iii) describe its contents, (iv) disclose whether any page or part thereof is missing, lost or otherwise omitted.

H.  "POSSESSION" means and includes documents actually within your possession, custody or control, including any employee, consultant, aide or other representative (including, without limitation, attorneys and accountants) and any other person acting or purporting to act on your behalf or in concert with you, and includes any temporary placing of possession, custody or control in any third party by any of the foregoing persons. All documents and tangible things in your possession which are responsive to these Requests for Production shall be produced.

3

I.    WRITINGS and RECORDINGS shall mean and include, without limitation, all handwritten, typed, printed and photostatic matter and drafts, duplicates or any other copies of all agreements, contracts, communications, correspondence, letters, telegrams, telexes, telecopies, memoranda, records, reports, books, tape recordings, summaries or other records of telephone conversations or interviews, summaries or other records of personal conversations, summaries or other records of meetings and conferences, diaries, calendars, appointment books, financial statements, worksheets, accounts, ledgers, notes, bills, statements, invoices, journal entries, receipts, checks, cancelled checks, envelopes or folders or similar containers, microfilm, microfiche, booklets, circulars, pamphlets, photographs, graphs, charts, computer programs, cards, tapes or disks, computer runs, magnetic or other memory components of computers containing information, summaries or analyses of computer runs, and all WRITINGS of any type and all other data compilations from which information can be obtained or translated into usable form.

J.    "RELATING TO" means refers to, relates to, concerns, reflects, contains, embodies or in any manner pertains to the subject matter of the Request for Admission, Interrogatory and/or Request for Production.

K.    "EEOC" means the Equal Employment Opportunity Commission.

L.    "Title VII" means Title VII of the Civil Rights Act of 1964.

M.    The singular shall include the plural, and the plural the singular, wherever the effect of doing so is to increase the information responsive to the request for information.

N.    The "last 10 years to the present" means 10 years preceding the service of this discovery through the present. Pursuant to the supplementation requirement under the Federal Rules of Procedure, you are hereby requested to update your answers regarding all complaints, lawsuits, settlements, information, documents, etc. that arise or are created or come to your attention during the pendency of this lawsuit.

O.    "Benefits" or "fringe benefits" means anything of value received by Plaintiff, including but not limited to, life insurance policies or plans, health insurance policies or plans, dental insurance policies or plans, disability insurance policies or plans, paid vacation, paid sick days, paid personal days, severance payments or packages, tuition reimbursement payments or plans, company picnics or parties, company retreats, company award programs at resorts paid for by the company, below-market interest loans, credit union membership, motor vehicles provided, car allowances, annuities, pension payments or plans, IRAs, SEPs, matching 401(k) or other pension or retirement payments, borrowing privileges against a 401(k) or other pension funds, employee awards or rewards programs, cafeteria plan benefits, programs that permit an employee to receive pay in a manner in which the employee gets tax benefits if [he/she] uses the income to pay for day care, deductibles on insurance payments, etc., vision payments or plans, country club memberships, club memberships, use of company owned tickets to sporting, musical or other entertainment events, use of country clubs or other clubs of which the employer is a member, or any other type of perks or perquisites.

# INSTRUCTIONS

A.  You are required to respond to these Requests for Admission, Interrogatories and Requests for Production, drawing upon all materials in your actual or constructive possession, ownership, custody, or control, including materials that you have a right to secure from any other source.   These sources include, but are not limited to, your agents, attorneys, accountants, consultants, and advisors.

B.  If any document requested was, but no longer is, in your possession or subject to your control, whether actual or constructive, please identify the document, state what disposition was made of the document, and the date or dates (or approximate date or dates) when such disposition was made.

C.  Supplementation is required.  You are required to supplement your responses to include information hereafter acquired or discovered in accordance with the Federal Rules of Civil Procedure.

D.  Objections.  If you file a proper and timely objection to any individual Request for Admission, Interrogatory and/or Request for Production or a portion thereof, please respond to all portions of the Request and/or Interrogatory that do not fall within the ambit of your objection. For example, if you object to a Request on the ground that it is too broad insofar as it seeks documents covering time periods that you contend are not relevant to this litigation, you should produce documents for all time periods which you concede are relevant.

E.  Withholding Documents.  If any document is withheld, in whole or in part, for any reason, including, but not limited to, any claim of privilege or confidentiality, please state with respect to each document:  (a) the privilege or ground under which the document is being withheld; (b) a general description of the subject matter of the document; (c) the author of the document; (d) all persons to whom the document is addressed and all persons to whom copies of the document were furnished, together with their job titles; (e) the date of the document; (f) the present custodian and location of the document; and (g) the paragraph number of the request to which the document is responsive.

F.  No Responsive Documents.  If there are no documents responsive to a specific Request, please so indicate in your written response to that Request for Production.

G.  Manner of Production.  The documents produced in response to each Request shall be segregated and clearly marked or labeled as to the specific Request to which such documents are responsive and are being produced.  Otherwise, such documents shall be produced as they are kept in the usual course of business, including the production of files from which such documents are taken.

H.  If it is claimed that any of the documents the identity of which is sought in these Requests and/or Interrogatories constitute trial preparation materials, then for each such document, please state:

(a)    who prepared the document;

(b)    who requested that the document be prepared;

(c)    when and where the document was prepared; and

(d)    the identity of each person who has revised the document.

I.    In the event that any document requested has been lost or destroyed, please identify such document by author(s), addressee(s), date, subject matter, number of pages, and attachments or appendices, identify all persons to whom such document was distributed, shown or explained, identify all persons who had custody of each such document, state the date of loss or destruction, and identify the person responsible for the loss or destruction.

J.    Unless otherwise specified, each Request for Admission, Interrogatory and/or Request for Production seeks information from the date you initially applied for employment with Defendant through the date of your response to these Requests.

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**  Admit that you have not incurred and are not seeking to recover in this lawsuit any past or future medical expenses as a result of the alleged conduct of the Defendants as set forth in your Complaint.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 2:**  Admit that you have not been treated by a psychologist, psychiatrist, doctor, or medical professional as a result of the alleged conduct of the Defendants as set forth in your Complaint.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 3:**  Admit that at all times during your employment with EDS, you have been an at-will employee.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 4:**  Admit that you do not have a contract to be employed with EDS for any length of time.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 5:**  Admit that you are currently employed by EDS.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 6:**  Admit that you have not been harassed because of your gender.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 7:**   Admit that you have not suffered a substantial detrimental effect on your employment or your psychological well-being, as a result of any conduct of Defendants.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 8:**  Admit that you have not been treated for or diagnosed with severe emotional distress, mental anguish, anxiety, stress, humiliation, inconvenience, and/or loss of enjoyment of life.

**RESPONSE:**

REQUEST FOR ADMISSION NO. 9:   Admit that neither EDS nor Williams engaged in extreme and/or outrageous conduct toward you.

RESPONSE:

REQUEST FOR ADMISSION NO. 10:   Admit that neither EDS nor Williams discriminated against you because of your gender.

RESPONSE:

REQUEST FOR ADMISSION NO. 11:   Admit that neither EDS nor Williams intentionally and/or recklessly caused you severe emotional distress.

RESPONSE:

REQUEST FOR ADMISSION NO. 12:   Admit that neither EDS' nor Williams' actions or inactions constituted a wrongful intrusion into your private life and/or activities.

RESPONSE:

REQUEST FOR ADMISSION NO. 13:   Admit that EDS did not intrude into your private life and activities in such a manner as to cause you outrage, mental anguish, shame, and/or humiliation.

RESPONSE:

REQUEST FOR ADMISSION NO. 14:   Admit that you have no evidence that EDS intentionally interfered with your interest in solitude and seclusion, either as to your person or private affairs and/or concerns.

RESPONSE:

REQUEST FOR ADMISSION NO. 15:   Admit that you have never been subject to unwelcome sexual harassment during your employment with EDS.

RESPONSE:

REQUEST FOR ADMISSION NO. 16:   Admit that you reported only one alleged incident of harassment to anyone at EDS.

RESPONSE:

REQUEST FOR ADMISSION NO. 17:   Admit that during your employment with EDS, you have not been demoted or docked in pay.

RESPONSE:

## INTERROGATORIES AND REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

Produce all documents which were reviewed or referenced by you when answering the Interrogatories set forth in this discovery request or which relate to any of your answers to the Interrogatories set forth herein.

RESPONSE:

### REQUEST FOR PRODUCTION NO. 2:

Produce all documents and tangible things referring or relating to your application for employment with EDS.

RESPONSE:

### INTERROGATORY NO. 1:

For the last ten (10) years to the present, please identify: (a) the name and address of each of your employers; (b) the title or position held by you while working for such employers; (c) the wages and compensation you earned for such employment; (d) the date of such employment; and (e) the reason(s) for leaving such employment. Please complete and execute the Employment Records Authorization form, a copy of which is attached hereto as Exhibit "A," and return with your answers to these Interrogatories. A copy of documents received from this authorization will be produced to you, if so requested in writing.

ANSWER:

### REQUEST FOR PRODUCTION NO. 3:

Please produce all documents which refer, relate or pertain to your answer to Interrogatory No. 1.

RESPONSE:

### REQUEST FOR PRODUCTION NO. 4:

If you have ever made, discussed, filed, or threatened to make or file any demand letters, claims, and/or lawsuits (other than this lawsuit) alleging libel, slander, defamation, retaliation, any type of employment discrimination (whether sex, race, age, disability, national origin, religion or otherwise), sexual harassment, mental anguish, personal injuries, impaired work capacity, lost earning capacity, past or future lost wages, worker's compensation claims, bodily injuries,

9

wrongful discharge, workers' compensation retaliation, unlawful discharge for whistleblowing or refusing to perform an illegal act, assault, battery, or invasion of privacy by an employer or its employees, agents, customers, supervisors, shareholders, officers or directors, then with respect to each claim or lawsuit please produce all documents which refer, relate or pertain to each claim and/or lawsuit which was made, discussed, threatened, or filed.

RESPONSE:


## REQUEST FOR PRODUCTION NO. 5:

Produce all documents that refer, relate or pertain to your calculation of damages for which you seek compensation in this matter, including but not limited to, the source of the materials upon which those calculations have been or may have been based.

RESPONSE:


## REQUEST FOR PRODUCTION NO. 6:

Produce all current curriculum vitae, resumes, or other written description of the background, education, training and expertise of any expert you intend to call to testify at the trial of this matter.

RESPONSE:


## REQUEST FOR PRODUCTION NO. 7:

Produce the entire files being maintained by any expert you intend to call at the trial of this matter in connection with their work for you regarding this case.

RESPONSE:


## REQUEST FOR PRODUCTION NO. 8:

Produce all invoices and contracts you have received or entered into with any expert you intend to call at the trial of this matter.

RESPONSE:


## REQUEST FOR PRODUCTION NO. 9:

Produce all documents which refer, relate or pertain to any expert you intend to call at the trial of this case including, but not limited to, the following: (a) the data or other information considered

by the expert in forming his or her opinions; (b) any exhibits to be used as a summary of or support for the expert's opinions; and (c) all documents the expert has reviewed, relied upon and/or generated.

    <u>RESPONSE</u>:

## REQUEST FOR PRODUCTION NO. 10:

For all designated experts who have reviewed the opinions or impressions of any expert who you do not intend to call as a witness at the trial of this case, produce all documents which each such consulting expert has reviewed, relied upon and/or generated.

    <u>RESPONSE</u>:

## INTERROGATORY NO. 2:

If you have any knowledge, directly or indirectly, of any admission by EDS its current or former agents, representatives or employees, which might be relevant in any way to this lawsuit and/or either Defendants' defenses thereto, please state the nature of each such admission, identify the person who allegedly made such admission and identify all persons with knowledge thereof.

    <u>ANSWER</u>:

## REQUEST FOR PRODUCTION NO. 11:

Produce all documents which refer, relate or pertain to any admission of any kind, directly or indirectly, made by EDS its agents, representatives or employees which might be relevant in any way to this lawsuit and/or Defendants' defenses thereto.

    <u>RESPONSE</u>:

## INTERROGATORY NO. 3:

Please state all facts which you contend support your allegation that you are entitled to compensatory and punitive damages as a result of the alleged actions of Defendants and please itemize these damages. Please execute, and return with your answers to these Interrogatories, the IRS Form 4506 and the Social Security Earnings Authorization form, copies of which are attached hereto as Exhibit "B" and "C," respectively. A copy of the documents received from these authorizations will be produced to you, if so requested in writing.

    <u>ANSWER</u>:

REQUEST FOR PRODUCTION NO. 12:

Please produce all documents which refer, relate or pertain to your answer to Interrogatory No. 3.

    RESPONSE:

REQUEST FOR PRODUCTION NO. 13:

Produce all documents referring or relating to any and all communications, written or oral, between you and EDS or Williams, or any of Defendants' past, present, or future directors, officers, employees, agents, representatives or contractors concerning any matter relating to any facts, subject matter, disputes or allegations involved in this lawsuit.

    RESPONSE:

REQUEST FOR PRODUCTION NO. 14:

Produce all documents which refer, relate or pertain to any statement, whether it be written, recorded or otherwise, made by EDS, its agents, representatives or employees, to any person relating to any matters described in your Complaint and/or Defendants' Answers thereto.

    RESPONSE:

INTERROGATORY NO. 4:

If you have communicated with any current or former employee or agent of EDS regarding any issue relevant to this litigation, or to your claims in it, please state the name of the person with whom you communicated and describe the date, content, and circumstances of each communication.

    ANSWER:

REQUEST FOR PRODUCTION NO. 15:

Please produce all documents which refer, relate or pertain to your answer to Interrogatory No. 4.

    RESPONSE:

**REQUEST FOR PRODUCTION NO. 16:**

Produce all documents which refer, relate or pertain to your employment with EDS, or otherwise, from the last three (3) years to the present.

     **RESPONSE:**


**REQUEST FOR PRODUCTION NO. 17:**

Produce all documents which refer, relate or pertain to any income earned or obtained by you within the last five (5) years including, but not limited to, that which will comprise income tax returns for the current year.

     **RESPONSE:**


**REQUEST FOR PRODUCTION NO. 18:**

Produce all diaries, calendars or other chronologies or summaries of events, written or otherwise maintained by you, relating or referring to your claims against Defendants in this lawsuit.

     **RESPONSE:**


**REQUEST FOR PRODUCTION NO. 19:**

Produce all court orders, complaints, petitions, judgments, releases, settlement agreements, or covenants asserting, disposing of, resolving, or referring to any legal claim, or potential claim, made by, against or on behalf of you.

     **RESPONSE:**


**REQUEST FOR PRODUCTION NO. 20:**

Produce all documents received by or given to you from any local, state or federal agency, office, department or official which refer, relate or pertain to any matter set forth in your Complaint or the allegations made therein.

     **RESPONSE:**

REQUEST FOR PRODUCTION NO. 21:

Produce all documents prepared, sent, delivered, signed or received by you or on your behalf which refer, relate or pertain to a demand, request or claim for reimbursement, payment, indemnification or compensation for any loss, expense, injury or harm allegedly caused by, or resulting in any way from the Defendants' alleged conduct. These documents should include, but are not limited to, documents pertaining to workers' compensation, life insurance, social security, Medicaid, Medicare, pension plans, disability insurance and/or arbitration awards.

    RESPONSE:


REQUEST FOR PRODUCTION NO. 22

Produce any and all contracts, retainer agreements or fee agreements for the payment of attorneys' fees and litigation costs between you and your attorney(s) for your attorney's representation of you in this lawsuit.

    RESPONSE:


REQUEST FOR PRODUCTION NO. 23:

Produce any and all time entries, timesheets, computer printouts, invoices or bills generated by your attorney(s) regarding this lawsuit.

    RESPONSE:


REQUEST FOR PRODUCTION NO. 24:

Produce all written or recorded statements of any person currently or formerly employed by or working with or for EDS that relate to the subject matter of this lawsuit. This Request includes all employees, supervisors, managers, directors, officers, shareholders, agents or independent contractors.

    RESPONSE:


REQUEST FOR PRODUCTION NO. 25:

Produce all of your pay stubs from your employers for each of the past five (5) years to the present.

    RESPONSE:

**REQUEST FOR PRODUCTION NO. 26:**

Produce all documents which refer, relate or pertain to any and all charges of discrimination, petitions, complaints or lawsuits ever filed on your behalf (other than this lawsuit) alleging that an employer or its employees, officers, directors, supervisors, agents, customers or shareholders harassed or discriminated against you in any way.

    **RESPONSE:**


**REQUEST FOR PRODUCTION NO. 27:**

Produce all personnel files and personnel records concerning your employment with any and all employers during the last ten (10) years to the present.

    **RESPONSE:**


**REQUEST FOR PRODUCTION NO. 28:**

Produce your social security card or a photocopy of the same.

    **RESPONSE:**


**REQUEST FOR PRODUCTION NO. 29:**

Produce your driver's license or a photocopy of the same.

    **RESPONSE:**


**INTERROGATORY NO. 5:**

State the total amount of damages you are asking the jury or judge to award you against Defendants in this lawsuit.

    **ANSWER:**


**REQUEST FOR PRODUCTION NO. 30:**

Please produce all documents which refer, relate or pertain to your answer to Interrogatory No. 5.

    **RESPONSE:**

REQUEST FOR PRODUCTION NO. 31:

If you or your attorneys have any photographs and/or videotapes, real evidence, objects or things depicting or supporting any of the allegations in your Complaint, or any wrongdoing by EDS, or its employees or anyone connected with EDS or Williams, please produce all such photographs, real evidence, objects, and things.

RESPONSE:

REQUEST FOR PRODUCTION NO. 32:

Produce all letters, correspondence, memos or other similar documents regarding any aspect of your employment with EDS you sent to or received from any party to this lawsuit that were generated or created prior to the date this lawsuit was filed.

RESPONSE:

REQUEST FOR PRODUCTION NO. 33:

Produce all forms, applications, questionnaires, complaints, filings or other documents you completed or provided to the EEOC regarding your employment with EDS.

RESPONSE:

REQUEST FOR PRODUCTION NO. 34:

Produce all forms, applications, questionnaires, complaints, filings, or other documents you provided to the Occupational Safety and Health Administration, the Attorney General, the Office of the Federal Trade Commission, or any other agency, board, commission, bureau, service, branch, authority, regulatory body, department, office or entity of the State of Alabama or the United States of America regarding your employment with EDS.

RESPONSE:

REQUEST FOR PRODUCTION NO. 35:

Produce all documents which refer and/or relate or pertain to the charge of discrimination you filed with the EEOC.

RESPONSE:

**INTERROGATORY NO. 6:**

Please identify the "others" who you allege in your Complaint subjected you to sexually suggestive remarks, derogatory comments, and improper physical contacts; in so doing, please state when and where such conduct occurred and any witnesses thereto.

> **ANSWER:**

**REQUEST FOR PRODUCTION NO. 36:**

Please produce all documents which refer, relate or pertain to your answer to Interrogatory No. 6.

> **RESPONSE:**

**INTERROGATORY NO. 7:**

Please describe in detail the harassment, humiliation, discrimination, intimidation, and mental anguish that you allege entitles you to compensatory, punitive and other damages.

> **ANSWER:**

**REQUEST FOR PRODUCTION NO. 37:**

Please produce all documents which refer, relate or pertain to your answer to Interrogatory No. 7.

> **RESPONSE:**

**INTERROGATORY NO. 8:**

Please describe in detail the conduct which you contend Defendants engaged in that was extreme and/or outrageous; in so doing, please state when and where such conduct occurred, who engaged in the extreme and/or outrageous conduct, and the identity of the individuals who witnessed such conduct, if any.

> **ANSWER:**

**REQUEST FOR PRODUCTION NO. 38:**

Please produce all documents which refer, relate or pertain to your answer to Interrogatory No. 8.

> **RESPONSE:**

**INTERROGATORY NO. 9:**

Please identify any comments that were allegedly made to you relating to your sex/gender; including, but not limited to, when and where these comments were made, who made them, and the identity of the individuals who witnessed these comments, if any.

    **ANSWER:**

**REQUEST FOR PRODUCTION NO. 39:**

Please produce all documents which refer, relate or pertain to your answer to Interrogatory No. 9.

    **RESPONSE:**

**INTERROGATORY NO. 10:**

Please state all facts which you contend support your allegation that during the course of your employment you have been subjected to sexually suggestive remarks, derogatory comments, and/or improper physical contacts by Williams, and others; including, but not limited to, when and what sexually suggestive remarks and/or comments were made and by whom; when and what improper physical contacts were you subjected to and by whom; and the identity of the individuals who witnessed the comments or conduct, if any.

    **ANSWER:**

**REQUEST FOR PRODUCTION NO. 40:**

Please produce all documents which refer, relate or pertain to your answer to Interrogatory No. 10.

    **RESPONSE:**

**INTERROGATORY NO. 11:**

Please state all facts which you contend support your allegation that male employees were not subjected to the harassment you were subjected to, substantially on the basis of your gender.

    **ANSWER:**

REQUEST FOR PRODUCTION NO. 41:

Produce all documents which refer, relate or pertain to your answer to Interrogatory No. 11.

 RESPONSE:

INTERROGATORY NO. 12:

Please describe in detail how the alleged harassment described in your Complaint had a detrimental effect on your employment and psychological well-being.

 ANSWER:

REQUEST FOR PRODUCTION NO. 42:

Please produce all documents which refer, relate or pertain to your answer to Interrogatory No. 12.

 RESPONSE:

INTERROGATORY NO. 13:

Please describe in detail your contention that you gave EDS notice of the alleged harassment; including, but not limited to, when and to whom you gave notice, the nature of the notice, and any witnesses thereto.

 ANSWER:

REQUEST FOR PRODUCTION NO. 43:

Please produce all documents which refer, relate or pertain to your answer to Interrogatory No. 13.

 RESPONSE:

INTERROGATORY NO. 14:

Please describe in detail your contention that EDS had notice of the alleged harassment described in your Complaint because such was "pervasive and obvious;" including, but not limited to, what specific conduct was pervasive and obvious, when and where such pervasive and obvious

conduct occurred, who committed same, to whom such conduct was reported, and any witnesses thereto.

ANSWER:

REQUEST FOR PRODUCTION NO. 44:

Please produce all documents which refer, relate or pertain to your answer to Interrogatory No. 14.

RESPONSE:

INTERROGATORY NO. 15:

Please describe in detail the basis for your contention that EDS failed to investigate and take remedial action in response to your complaints.

ANSWER:

REQUEST FOR PRODUCTION NO. 45:

Please produce all documents which refer, relate or pertain to your answer to Interrogatory No. 15.

RESPONSE:

INTERROGATORY NO. 16:

Please describe any and all medical treatment you received as a result of Defendants' conduct, including any and all treatment you received for the alleged severe emotional distress, mental anguish, anxiety, stress, humiliation, inconvenience, and loss of enjoyment of life you allegedly suffered.    Please execute, and return with your answers to these Interrogatories, the Authorization for Release of Protected Health Information, a copy of which is attached hereto as Exhibit "D." A copy of the documents received from this Authorization will be produced to you, if so requested in writing.

ANSWER:

**REQUEST FOR PRODUCTION NO. 46:**

Please produce all documents which refer, relate or pertain to your answer to Interrogatory No. 16.

    **RESPONSE:**

**INTERROGATORY NO. 17:**

Please state all facts which you contend support your allegation that EDS "negligently hired, trained, and supervised Defendant Jeff Williams."

    **ANSWER:**

**REQUEST FOR PRODUCTION NO. 47:**

Please produce all documents which refer, relate or pertain to your answer to Interrogatory No. 17.

    **RESPONSE:**

**INTERROGATORY NO. 18:**

Please state all facts which you contend support your allegation that EDS "acted wantonly" when it hired, trained and supervised Williams.

    **ANSWER:**

**REQUEST FOR PRODUCTION NO. 48:**

Please produce all documents which refer, relate or pertain to your answer to Interrogatory No. 18.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 49:**

Produce all documents which support your demand for judgment in excess of the jurisdictional limits of the Court for compensatory and/or punitive damages, interests and costs.

    **RESPONSE:**

REQUEST FOR PRODUCTION NO. 50:

Produce all documents which support your allegation that Defendants' conduct was extreme and outrageous.

RESPONSE:

REQUEST FOR PRODUCTION NO. 51:

Produce all documents which support your allegation that Defendants' conduct was directed toward an illegal purpose.

RESPONSE:

REQUEST FOR PRODUCTION NO. 52:

Produce all documents which support your allegation that you were discriminated against because of your gender.

RESPONSE:

REQUEST FOR PRODUCTION NO. 53:

Produce all documents which support your allegation that Defendants' conduct was intentional and/or reckless and caused you severe emotional distress.

RESPONSE:

REQUEST FOR PRODUCTION NO. 54:

Produce all documents which support your allegation that "[a]s a proximate result of Defendants' extreme and outrageous conduct," you were injured and damaged.

RESPONSE:

REQUEST FOR PRODUCTION NO. 55:

Produce all documents which support your allegation that Williams assaulted and/or battered you.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 56:**

Produce all documents which support your allegation that "[a]s a proximate result of Defendants' assault and battery" you were injured and damaged.

    **RESPONSE:**

**INTERROGATORY NO 19:**

Please state all facts which you contend support your allegation that Defendants' actions or inactions and conduct constituted a wrongful intrusion into your private life and activities.

    **ANSWER:**

**REQUEST FOR PRODUCTION NO. 57:**

Produce all documents which refer, relate or pertain to your answer to Interrogatory No. 19.

    **RESPONSE:**

**INTERROGATORY NO. 20:**

Please state all facts which you contend support your allegation that Defendants' wrongful intrusion caused you "outrage, mental anguish, shame, and humiliation."

    **ANSWER:**

**REQUEST FOR PRODUCTION NO. 58:**

Produce all documents which refer, relate or pertain to your answer to Interrogatory No. 20.

    **ANSWER:**

**REQUEST FOR PRODUCTION NO. 59:**

Produce all documents which support your contention that Defendants intentionally interfered with your interest in solitude and seclusion as to your person or private affairs and concerns.

    **RESPONSE:**

REQUEST FOR PRODUCTION NO. 60:

Produce a copy of any gun permit or license to carry a gun issued to you by any local, state or federal agency within the last five (5) years.

RESPONSE:

INTERROGATORY NO. 21:

Please identify the individual who allegedly told you that EDS did not take action in response to your allegation against Williams because you were "crazy" and "paranoid;" in so doing; please state when and where such comments were made, and the identity of the individuals who witnessed the comments, if any.

ANSWER:

REQUEST FOR PRODUCTION NO. 61:

Please produce all documents which refer, relate or pertain to your answer to Interrogatory No. 21.

RESPONSE:

REQUEST FOR PRODUCTION NO. 62:

Produce all performance evaluations you received from EDS.

RESPONSE:

REQUEST FOR PRODUCTION NO. 63:

Produce all documents which refer, relate or pertain to your allegation that this suit is proper against EDS and Williams.

RESPONSE:

REQUEST FOR PRODUCTION NO. 64:

Produce all documents which refer, relate or pertain to your allegation that you have satisfied the requirements of 42 U.S.C. § 2000e-5(b) and (e), with the Equal Employment Opportunity Commission.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 65:**

Produce all documents which refer, relate or pertain to any complaints made by other individuals employed by EDS against you.

**RESPONSE:**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ADWOWA JACOBS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. NO. 2:05-CV-925-MHT-SRW |
| | § | |
| ELECTRONIC DATA SYSTEMS | § | |
| CORPORATION and JEFF WILLIAMS, | § | |
| | § | |
| Defendants. | § | |

**AUTHORIZATION FOR RELEASE
OF EMPLOYMENT INFORMATION**

I, ADWOWA JACOBS, hereby authorize and request any person, firm, agency or entity to release to Baker & Hostetler LLP, or their authorized representative, all of the matters enumerated below, as such matters pertain to ADWOWA JACOBS, Social Security No. 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.

As used herein, the word "document" means any printed, typewritten, handwritten, or otherwise recorded matter of whatever character. It includes, but is not limited to, letters, memoranda, telegrams, notes, diaries, reports, calendars, written communications, notes of meetings or conversations, papers, records, charts, studies, statements, tabulations, surveys, analyses, graphs, presentations, slides, pamphlets or books, checks, bills, expense accounts, personal records, photographs, tape or voice recordings, and motion pictures.

The matters to be released pursuant to this authorization are the following:

> 1. Any and all documents contained in an application file, employee file and/or personnel file, or any like or related document, however produced or reproduced, and maintained on my behalf. Information revealed shall include federal income tax wage and earning statements, 1099 forms, employment files, time sheets, employment applications, interoffice memoranda and other

**EXHIBIT "A"**

written or verbal communication pertaining to the employment and compensation related to me;

2.      Any and all documents contained in a medical file and/or relating to medical claims, insurance claims or workers' compensation claims filed by me or any other individual on my behalf; and

3.      Any and all documents relating to any local, state or federal administrative proceeding, any judicial complaint or civil action either brought by me or in which I participated as a witness, advisor, or consultant.

The release of matters listed above is authorized for purposes of the above-entitled lawsuit, pending in the U.S. District Court for the Middle District of Alabama, Northern Division.  Any person, firm, agency or entity that releases or receives matters pursuant to this authorization is hereby absolved from all liability that might otherwise result from the release or receipt of those matters.

A copy of this authorization is agreed by the undersigned to have the same effect and force as the original.

_____
ADWOWA JACOBS

SUBSCRIBED AND SWORN TO before me, the undersigned notary, on this ____ day of _____, 2006.

_____
Notary Public in and for the
State of _____

(Seal)                    _____
Printed or Typed Name of Notary

My Commission expires: _____

- 2 -

Form **4506**
(Rev. January 2004)

Department of the Treasury
Internal Revenue Service

# Request for Copy of Tax Return

▶ Do not sign this form unless all applicable parts have been completed.
Read the instructions on page 2.

▶ Request may be rejected if the form is incomplete, illegible, or any required
part was blank at the time of signature.

OMB No. 1545-0429

**TIP:** You may be able to get your tax return or return information from other sources. If you had your tax return completed by a paid preparer, they should be able to provide you a copy of the return. The IRS can provide a **Tax Return Transcript** for many returns free of charge. The transcript provides most of the line entries from the tax return and usually contains the information that a third party (such as a mortgage company) requires. See new **Form 4506-T,** Request for Transcript of Tax Return, to order a transcript or you can call 1-800-829-1040 to order a transcript.

| 1a Name shown on tax return. If a joint return, enter the name shown first. | 1b First social security number on tax return or employer identification number (see instructions) |
|---|---|
| **ADWOWA JACOBS** | **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** |
| 2a If a joint return, enter spouse's name shown on tax return | 2b Second social security number if joint tax return |

**3** Current name, address (including apt., room, or suite no.), city, state, and ZIP code

**Adwowa Jacobs, 1525 Flamingo Lane, Montgomery, AL 36116**

**4** Address, (including apt., room, or suite no.), city, state, and ZIP code shown on the last return filed if different from line 3

**5** If the tax return is to be mailed to a third party (such as a mortgage company), enter the third party's name, address, and telephone number. The IRS has no control over what the third party does with the tax return.

**Tonya A. Jacobs, Baker & Hostetler LLP**
**1000 Louisiana, Suite 2000**
**Houston, TX 77002  (713) 751-1600**

**CAUTION:** Lines 6 and 7 must be completed if the third party requires you to complete Form 4506. **Do not** sign Form 4506 if the third party requests that you sign Form 4506 and lines 6 and 7 are blank.

**6** Tax return requested (Form 1040, 1120, 941, etc.) and all attachments as originally submitted to the IRS, including Form(s) W-2, schedules, or amended returns. Copies of Forms 1040, 1040A, and 1040EZ are generally available for 7 years from filing before they are destroyed by law. Other returns may be available for a longer period of time. Enter only one return number. If you need more than one type of return, you must complete another Form 4506. ▶ _____ **1040** _____

Note: If the copies must be certified for court or adminstrative proceedings, check here. . . . . . . . . . . . . ☑

**7** Year or period requested. Enter the ending date of the year or period, using the mm/dd/yyyy format. If you are requesting more than four years or periods, you must attach another Form 4506.

| **12 / 31 / 2002** | **12 / 31 / 2003** | **12 / 31 / 2004** | **12 / 31 / 2005** |
|---|---|---|---|

**8** Fee. There is a $39 fee for each return requested. **Full payment must be included with your request or it will be rejected.** Make your check or money order payable to "United States Treasury." Enter your SSN or EIN and "Form 4506 request" on your check or money order.

| | |
|---|---|
| a Cost for each return . . . . . . . . . . | $     **39.00** |
| b Number of returns requested on line 7 . . . . . . . . . . . | **4** |
| c Total cost. Multiply line 8a by line 8b . . . . . . . . . . . | $     **156.00** |

**9** If we cannot find the tax return, we will refund the fee. If the refund should go to the third party listed on line 5, check here . . ☑

**Signature of taxpayer(s).** I declare that I am either the taxpayer whose name is shown on line 1a or 2a, or a person authorized to obtain the tax return requested. If the request applies to a joint return, **either** husband or wife must sign. If signed by a corporate officer, partner, guardian, tax matters partner, executor, receiver, administrator, trustee, or party other than the taxpayer, I certify that I have the authority to execute Form 4506 on behalf of the taxpayer.

Telephone number of taxpayer on line 1a or 2a
**( 334 ) 717-5106**

**Sign Here**

▶ _____
Signature (see instructions)                    Date

▶ _____
Title (if line 1a above is a corporation, partnership, estate, or trust)

▶ _____
Spouse's signature                    Date

For Privacy Act and Paperwork Reduction Act Notice, see page 2.        Cat. No. 41721E        Form **4506** (Rev. 1-2004)

**EXHIBIT "B"**

## REQUEST FOR SOCIAL SECURITY EARNINGS INFORMATION

1. **From whose record do you need the earnings information?**

   Print the Name, Social Security Number (SSN), and date of birth below.

   Name **Adwowa Jacobs**

   Social Security Number **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**

   Other Name(s) Used (Include Maiden Name) _____

   Date of Birth (Mo/Day/Yr) **09/20/1971**

2. **What kind of information do you need?**

   ☒ **Detailed Earnings Information**
   (If you check this block, tell us below why you need this information.)

   For the period(s)/year(s): **2001-2005**

   _____
   _____

   ☐ **Certified Total Earnings For Each Year.**
   (Check this box only if you want the information certified. Otherwise, call 1-800-772-1213 to request Form SSA-7004, Request for Earnings and Benefit Estimate Statement)

   For the year(s): _____

3. If you owe us a fee for this detailed earnings information, enter the amount due using the chart on page 3 · · · · · · · · · · · · · · · · · · · · · · ·    A. $ **25.00**

   Do you want us to certify the information?          ☒ Yes    ☐ No

   If yes, enter $15.00 · · · · · · · · · · · · · · · · · · · ·    B. $ **15.00**

   ADD the amounts on lines A and B, and enter the TOTAL amount · · · · · · · · · · · · · · · · · · · · ·    C. $ **40.00**

   - You can pay by CREDIT CARD by completing and returning the form on page 4, or
   - Send your CHECK or MONEY ORDER for the amount on line C with the request and make check or money order payble to "Social Security Administration"
   - DO NOT SEND CASH.

4. I am the individual to whom the record pertains (or a person who is authorized to sign on behalf of that individual). I understand that any false representation to knowingly and willfully obtain information from Social Security records is punishable by a fine of not more than $5,000 or one year in prison.

   SIGN your name here
   (Do not print)  > _____          Date _____

   Daytime Phone Number _____  _____
                      (Area Code)  (Telephone Number)

5. Tell us where you want the information sent. (Please print)

   Name **Tonya A. Jacobs**          Address **Baker & Hostetler LLP**
                                              **1000 Louisiana, Suite 2000**

   City, State & Zip Code **Houston, TX 77002**

6. Mail Completed Form(s) To:          **Exception:** If using private contractor (e.g., FedEx) to mail form(s), use:

   Social Security Administration
   Division of Earnings Record Operations
   P.O. Box 33003
   Baltimore Maryland  21290-3003

   Social Security Administration
   Division of Earnings Record Operations
   300 N. Greene St.
   Baltimore Maryland  21290-0300

Form SSA-7050-F4 (1-2004)  EF (01-2004)          2

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ADWOWA JACOBS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. NO. 2:05-CV-925-MHT-SRW |
| | § | |
| ELECTRONIC DATA SYSTEMS | § | |
| CORPORATION and JEFF WILLIAMS, | § | |
| | § | |
| Defendants. | § | |

## AUTHORIZATION FOR RELEASE OF
## SOCIAL SECURITY ADMINISTRATION RECORDS

I, ADWOWA JACOBS, hereby authorize and permit the U. S. Social Security Administration and its employees to release to Baker & Hostetler LLP, or their authorized representative, any and all of the matters enumerated below that pertain to ADWOWA JACOBS, born September 20, 1971; Social Security No. 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.

The matters to be released pursuant to this authorization are the "Detailed Earning Information" requested on the attached "Request for Social Security Earnings Information" form. The release of the matters listed above is being authorized for purposes of a lawsuit styled, *Adwowa Jacobs v. Electronic Data Systems Corporation and Jeff Williams* pending in the U.S. District Court for the Middle District of Alabama, Northern Division, Civil Action No. 2:05-CV-925-MHT-SRW. A copy of this authorization is agreed by the undersigned to have the same effect and force as an original. Any person who releases matters and any person to whom such matters are released pursuant to this authorization are hereby released from any liability that might otherwise result from the disclosure of those matters.

**EXHIBIT "C"**

_____

ADWOWA JACOBS

SUBSCRIBED AND SWORN TO before me, the undersigned notary, on this _____ day

of _____, 2006.


_____

Notary Public in and for the
State of _____

(Seal)

_____

Printed or Typed Name of Notary

My Commission expires: _____

## AUTHORIZATION FOR RELEASE OF
## PROTECTED HEALTH INFORMATION (PHI)

**Section A: This section must be completed for all Authorizations**

Patient/Plan Member Name: __Adwowa Jacobs__

Birth Date: __09/20/1971__        Social Security No. (optional): __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__

Provider's/Health Plan's Name: _____

Requester's Name: __Tonya A. Jacobs, Sue Perotti c/o Baker & Hostetler LLP__

Provider's/Health Plan's Address: Address 1: _____

Address 2: _____

City: _____ State: _____ Zip: _____

This authorization will expire on the following: (Fill in the Date of the Event but not both)

Date: __02/28/2007__ Event: _____

I authorize visitation by one of the following support groups:

☐ Cancer Survivors    ☑ Mended Hearts    ☐ Other Support Group: _____

Purpose of disclosure: __Litigation__

### Description of information to be used or disclosed

Is this request for psychotherapy notes? ☐ Yes, then this is the only item you may request on this authorization. You must submit another authorization for other items below. ☐ No, then you may check as many items below as you need.

| Description | Date(s) | Description | Date(s) | Description | Date(s) |
|---|---|---|---|---|---|
| ☐ All PHI in medical record | | ☐ Operative Information | | ☐ Labor/delivery sum. | |
| ☐ Admission form | | ☐ Cath lab | | ☐ OB nursing assess | |
| ☐ Dictation reports | | ☐ Special test/therapy | | ☐ Postpartum flow sheet | |
| ☐ Physicians orders | | ☐ Rhythm Strips | | ☐ Billing record: | |
| ☐ Intake/outtake | | ☐ Nursing Information | | ☐ Other: | |
| ☐ Clinical Test | | ☐ Transfer forms | | ☐ Other: | |
| ☐ Medication Sheets | | ☐ ER Information | | ☐ Other: | |

I acknowledge, and hereby consent to such, that the released information may contain alcohol, drug abuse, psychiatric, HIV testing, HIV results or AIDS information. _____ (Initial)

I understand that:

1. I may refuse to sign this authorization and that it is strictly voluntary.
2. If I do not sign this form, my health care and the payment for my health care will not be affected unless stated otherwise in section C.
3. I may revoke this authorization at any time in writing, but if I do, it will not have any affect on any actions taken prior to receiving the revocation. Further details may be found in the Notice of Privacy Practices.
4. If the requester or receiver is not a health plan or health care provider, the released information may no longer be protected by federal privacy regulations and may be redisclosed.
5. I understand that I may see and obtain a copy of the information described on this form, for a reasonable copy fee, if I ask for it.
6. I get a copy of this form after I sign it.

**Section B: Is the Requester of this PHI another health plan or health care provider?**

If yes, the health plan or health care provider must complete Section B, otherwise skip to Section C.

What is the purpose of this use or disclosure? _____

Will the requester receive financial or in-kind compensation in exchange for using or disclosing this information? ☐ Yes ☐ No

If yes, describe: _____

**Section C: Will the PHI be created for research and include treatment of the Patient?**

If yes, complete Section C below otherwise skip to Section D.

Describe the extent to which the PHI will be used or disclosed to carry out treatment, payment or health care operations? _____

Describe the disclosures that will NOT be made even if they are permitted by law. _____

Will the Requester plan to obtain the Patient's consent and/or provide a notice of privacy practices? ☐ Yes, then all statements are binding. ☐ No

**Section D: Signatures**

I have read the above and authorize the disclosure of the protected health information as stated.

_____    Date _____
Signature of Patient/Plan Member/Guardian/Patient/Plan Member Representative

_____    _____
Print Name of Patient/Plan Member's Representatives    Relationship to Patient/Plan Member

**EXHIBIT "D"**

# Baker Hostetler

Baker & Hostetler LLP

1000 Louisiana
Suite 2000
Houston, TX 77002-5009

T 713.751.1600
F 713.751.1717
www.bakerlaw.com

May 8, 2006

Rachel M. Smith
direct dial: 713.646.1386
rsmith@bakerlaw.com

**Via Facsimile – (334) 215-4532 and**
**Certified Mail #7001 2510 0008 2022 4192**

Mr. L. D. Walker, III
The Walker Law Firm
8650 Minnie Brown Road, Suite 160
Montgomery, Alabama 36117

Re:    *Civil Action No. 2:05-CV-925-MHT-SRW; Adwowa Jacobs v. Electronic Data*
       *Systems Corporation and Jeff Williams; In the United States District Court for*
       *the Middle District of Alabama, Northern District*

Dear Mr. Walker:

As you are aware, your client, Ms. Adwowa Jacobs, was served with Electronic Data
System Corporation's First Set of Requests for Admissions, Interrogatories and
Requests for Production by certified mail on March 27, 2006. As you know, per the
Federal Rules of Civil Procedure, your client was required to submit complete
responses to these requests within thirty-three (33) days of service thereof. Given that
the deadline to respond was last Monday, May 1, 2006, Ms. Jacobs' responses are
now overdue.

Accordingly, please respond to EDS's discovery requests by close of business on
Monday, May 15, 2006, so we can avoid the unnecessary waste of judicial resources to
resolve this issue.

Thank you in advance for your cooperation in this matter.

Very truly yours,

Rachel M. Smith

RMS/cs

**EXHIBIT**

**B**

Confirmation Report — Memory Send

```
Page      : 001
Date & Time: 05-08-06   10:19am
Line 1    : 7137511717
Line 2    :
Machine ID : Baker & Hostetler LLP HOUSTON OFFICE
```

| | | |
|---|---|---|
| Job number | : | 069 |
| Date | : | 05-08  10:18am |
| To | : | ☎11713342154532 |
| Number of pages | : | 002 |
| Start time | : | 05-08  10:18am |
| End time | : | 05-08  10:19am |
| Pages sent | : | 002 |
| Status | : | OK |

Job number    : 069            *** SEND SUCCESSFUL ***

## Baker Hostetler

### Fax Cover Sheet

Baker&Hostetler LLP
1000 Louisiana
Suite 2000
Houston, TX 77002-5009
T 713.751.1900
F 713.751.1717
www.bakerlaw.com

**Date:**   May 8, 2006          **Pages (including cover sheet):  2**

| Name | Company | Fax # | Phone # |
|---|---|---|---|
| L. D. Walker III | The Walker Law Firm | (334) 215-4532 | |

**From:**   Rachel M. Smith          Law #:        5687
                                     Client/Matter #:   82058-00275

**Re:**   Adwowa Jacobs v. EDS

**Message:**

If this transmission is not complete, please call Cris Stevens at (713) 276-1613.

This message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone (collect), and return the original message to us at the above address via the U.S. Postal Service. Thank you.

*Cincinnati   Cleveland   Columbus   Costa Mesa   Denver   Houston   Los Angeles   New York   Orlando   Washington, DC*

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

7001 2510 0008 2022 4192

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

5/08/06

Sent To  L.D. Walker III

Street, Apt. No.; or PO Box No.

City, State, ZIP+4

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

L.D Walker III
The Walker Law Firm
8650 Minnie Brown Rd.
Suite 160
Montgomery AL 36117

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _Tracy Brack_   ☐ Agent
☐ Addressee

B. Received by ( Printed Name)   C. Date of Delivery

_Tracy Brack_

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered   ☑ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number    7001 2510 0008 2022 4192

EDS/Jacobs

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

# Baker Hostetler

Baker&Hostetler LLP

1000 Louisiana
Suite 2000
Houston, TX 77002-5009

T 713.751.1600
F 713.751.1717
www.bakerlaw.com

May 22, 2006

Rachel M. Smith
direct dial: 713.646.1386
rsmith@bakerlaw.com

**Via Facsimile – (334) 215-4532 and**
**Certified Mail #7005 2570 0000 6690 2531**

Mr. L. D. Walker, III
The Walker Law Firm
8650 Minnie Brown Road, Suite 160
Montgomery, Alabama 36117

Re:    *Civil Action No. 2:05-CV-925-MHT-SRW; Adwowa Jacobs v. Electronic Data*
       *Systems Corporation and Jeff Williams; In the United States District Court for*
       *the Middle District of Alabama, Northern District*

Dear Mr. Walker:

As stated in my letter to you of May 8, 2006, your client, Ms. Adwowa Jacobs, was
served with Electronic Data System Corporation's First Set of Requests for Admissions,
Interrogatories and Requests for Production by certified mail on March 27, 2006.  As
you know, per the Federal Rules of Civil Procedure, your client was required to submit
complete responses to these requests within thirty-three (33) days of service thereof,
accordingly, the deadline to respond was Monday, May 1, 2006.

As of today, May 22, 2006, I have yet to receive Ms. Jacobs' responses to the
requested discovery, and this letter hereby serves as my second attempt to confer with
you regarding same.

Accordingly, please respond to EDS's discovery requests by close of business on
Tuesday, May 30, 2006, so we can avoid the unnecessary waste of judicial resources
to resolve this issue.

Thank you in advance for your cooperation in this matter.

Very truly yours,

Rachel M. Smith

RMS/cs

EXHIBIT
C

*Cincinnati    Cleveland    Columbus    Costa Mesa    Denver    Houston    Los Angeles    New York    Orlando    Washington, DC*

# Confirmation Report — Memory Send

```
                                    Page      : 001
                                    Date & Time: 05-22-06   03:23pm
                                    Line 1    : 7137511717
                                    Line 2    :
                                    Machine ID : Baker & Hostetler LLP HOUSTON OFFICE
```

| | | |
|---|---|---|
| Job number | : | 166 |
| Date | : | 05-22  03:22pm |
| To | : | ☎#12913342154532 |
| Number of pages | : | 002 |
| Start time | : | 05-22  03:22pm |
| End time | : | 05-22  03:23pm |
| Pages sent | : | 002 |
| Status | : | OK |
| Job number | : 166 | *** SEND SUCCESSFUL *** |

## Baker Hostetler

Baker & Hostetler LLP
1000 Louisiana
Suite 2000
Houston, TX 77002-5009
T 713.751.1900
F 713.751.1717
www.bakerlaw.com

### Fax Cover Sheet

**Date:** May 22, 2006              **Pages (including cover sheet):** 2

| Name | Company | Fax # | Phone # |
|---|---|---|---|
| L. D. Walker III | The Walker Law Firm | (334) 215-4532 | |

**From:** Rachel M. Smith          **Law #:** 5687
                                    **Client/Matter #:** 82058-00275

**Re:** Adwowa Jacobs v. EDS

**Message:**

If this transmission is not complete, please call Cris Stevens at (713) 276-1613.

This message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone (collect), and return the original message to us at the above address via the U.S. Postal Service. Thank you.

Cincinnati    Cleveland    Columbus    Costa Mesa    Denver    Houston    Los Angeles    New York    Orlando    Washington, DC

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

# OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here

5/22/06

Sent To  *L.D. Walker III*

Street, Apt. No.; or PO Box No.

City, State, ZIP+4

7005 2570 0000 6690 2531

PS Form 3800, June 2002          See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

L.D. Walker III
The Walker Law Firm
8650 Minnie Brown Rd.
Suite 160
Montgomery AL 36117

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X *Tracey Bradley*  ☐ Agent  ☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
   ☑ Certified Mail   ☐ Express Mail
   ✓ Return Receipt Request

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number    7005 2570 0000 6690 2531

EDS/Jacobs

PS Form 3811, February 2004      Domestic Return Receipt      102595-02-M-1540

HOUSTON TX 773

# Baker Hostetler

Baker&Hostetler LLP

1000 Louisiana
Suite 2000
Houston, TX 77002-5009

T 713.751.1600
F 713.751.1717
www.bakerlaw.com

June 7, 2006

Rachel M. Smith
direct dial: 713.646.1386
rsmith@bakerlaw.com

**Via Facsimile – (334) 215-4532 and**
**Certified Mail, Return Receipt Requested**

Mr. L. D. Walker, III
The Walker Law Firm
8650 Minnie Brown Road, Suite 160
Montgomery, Alabama 36117

Re:     *Civil Action No. 2:05-CV-925-MHT-SRW; Adwowa Jacobs v. Electronic Data*
*Systems Corporation and Jeff Williams; In the United States District Court for*
*the Middle District of Alabama, Northern District*

Dear Mr. Walker:

As stated in my letters to you of May 8 and May 22, 2006, your client, Ms. Adwowa
Jacobs, was served with Electronic Data System Corporation's First Set of Requests
for Admissions, Interrogatories and Requests for Production by certified mail on March
27, 2006. As you know, per the Federal Rules of Civil Procedure, your client was
required to submit complete responses to these requests within thirty-three (33) days of
service thereof; accordingly, the deadline to respond was Monday, May 1, 2006.

As of today, June 7, 2006, and despite your office's representation on May 23, 2006,
that responses were forthcoming on May 30, 2006—I have yet to receive Ms. Jacobs'
responses to the requested discovery, and this letter hereby serves as my third attempt
to confer with you regarding same.

Accordingly, please be advised that if I have not received responses to EDS's
discovery requests by close of business on Monday, June 12, 2006, I will have no
choice but to file a Motion to Compel with the Court wherein, in addition to seeking
complete responses to each of EDS's requests, I will also ask the Court to impose
sanctions, including an award of costs and attorneys' fees under Federal Rule of Civil
Procedure 37.

Please let this letter also serve as a reminder to you that under Federal Rule of Civil
Procedure 36(a), Ms. Jacobs' failure to timely object or respond to EDS's Requests for
Admission has resulted in her deemed admission of each and every request sought
therein. FED. R. CIV. P. 36(a); *Anheuser- Busch, Inc. v. Philpot*, 317 F.3d 1264, 1265 n.



EXHIBIT
D

Mr. L. D. Walker, III
June 7, 2006
Page 2

1 ("A request [for admission] that is not responded to within 30 days of service is deemed admitted.").

In addition, because Ms. Jacobs failed to timely object to EDS's Interrogatories and Requests for Production she has waived the right to file objections. Therefore, only complete answers to Interrogatories and a full production of responsive documents will operate to satisfy your client's current obligation under the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 33(b)(4); *Cahela v. Bernard*, 155 F.R.D. 221, 227 (N.D. Ga. Mar. 17, 1994)("failure to answer or object [to interrogatories] in a timely manner constitutes a waiver of the right to object"); *see also* FED. R. CIV. P. 34(b); *United Steel Works of Am., AFL-CIO-CLC v. Ivaco, Inc.*, 2002 WL 31932875, at * 4 (N.D. Ga. Jan. 13, 2003) (as a general rule, when a party fails to object timely to discovery requests, such objections are waived).

While I continue to hope that we can resolve these issues without seeking judicial intervention and unnecessarily wasting the Court's valuable resources, your continued failure to cooperate and inaction thus far, leaves me with little choice.

If I do not receive a response from you by June 12, 2006, I will presume that your silence is evidence of your refusal to cooperate in this matter.

Very truly yours,

*R. Smith*

Rachel M. Smith

RMS/cs

# Confirmation Report — Memory Send

Page        : 001
Date & Time : 06-07-06   05:27pm
Line 1      : 7137511717
Line 2      :
Machine ID  : Baker & Hostetler LLP HOUSTON OFFICE

Job number          :   278

Date                :   06-07   05:26pm

To                  : ☎#37213342154532

Number of pages     :   003

Start time          :   06-07   05:26pm

End time            :   06-07   05:27pm

Pages sent          :   003

Status              :   OK

Job number     : 278              *** SEND SUCCESSFUL ***

# Baker Hostetler

## Fax Cover Sheet

Baker&Hostetler LLP
1000 Louisiana
Suite 2000
Houston, TX 77002-5009
T 713.751.1600
F 713.751.1717
www.bakerlaw.com

**Date:**    June 7, 2006              **Pages (including cover sheet):**   3

| Name | Company | Fax # | Phone # |
|------|---------|-------|---------|
| L. D. Walker III | The Walker Law Firm | (334) 215-4532 | |

**From:**    Rachel M. Smith              **Law #:**         5687
                                          **Client/Matter #:**   82058-00275

**Re:**    Adwowa Jacobs v. EDS

**Message:**

If this transmission is not complete, please call Cris Stevens at (713) 276-1613.

This message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone (collect), and return the original message to us at the above address via the U.S. Postal Service. Thank you.

Cincinnati   Cleveland   Columbus   Costa Mesa   Denver   Houston   Los Angeles   New York   Orlando   Washington, DC