IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ADWOWA JACOBS, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| ELECTRONIC DATA SYSTEMS | § | 2:05-CV-925-MHT-SRW |
| CORPORATION AND JEFF | § | |
| WILLIAMS, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS' JOINT MOTION TO DISMISS WITH PREJUDICE**

Electronic Data Systems Corporation ("EDS") and Jeff Williams ("Williams"), ("Defendants") in the above-entitled and numbered cause, file this Joint Motion to Dismiss with Prejudice for Plaintiff's failure to prosecute and pursuant to Rules 37 and 41(b) of the Federal Rules of Civil Procedure and, in support thereof, would respectfully show the Court as follows:

**I.    PRELIMINARY STATEMENT**

Plaintiff, Adwowa Jacobs, is currently employed by EDS as a Call Center Representative in its Montgomery, Alabama facility. On September 27, 2005, Plaintiff filed this action against EDS and Williams alleging: (1) sexual harassment; (2) negligent hiring, training and supervision; (3) wanton hiring, training and supervision; (4) outrage; (5) assault and battery; and (6) invasion of privacy. [Docket No. 1]. Because of Plaintiff's failure to cooperate in the discovery process and willful disregard for this Court's Orders, Defendants have found it necessary to file this Joint Motion to Dismiss with Prejudice.

II.     **FACTUAL BACKGROUND**

On March 27, 2006, EDS served Plaintiff with its First Set of Requests for Admission, Interrogatories and Requests for Production by certified mail, return receipt requested. (Affidavit of Rachel M. Smith [hereinafter "Smith Affidavit"] at ¶ 2). Pursuant to the Federal Rules of Civil Procedure, Plaintiff's responses to EDS' discovery requests were due on May 1, 2006. Plaintiff, however, failed to serve her discovery responses by the due date. (Smith Affidavit at ¶ 4). On June 16, 2006, after three (3) failed attempts to confer with Plaintiff's counsel by letter on May 8, 22 and June 7, 2006, respectively, EDS filed a Motion to Compel and for Imposition of Sanctions ("Motion to Compel") pursuant to Federal Rule of Civil Procedure 37. [Docket No. 15].

On July 12, 2006 this Court granted EDS' Motion to Compel and ordered that Plaintiff respond to EDS' outstanding interrogatories and request for production, without objection, on or before July 21, 2006. [Docket No. 17]. Despite the Court's Order, Plaintiff did not respond to EDS' outstanding interrogatories and request for production by July 21, 2006. (Smith Affidavit at ¶ 4). In fact, to date Plaintiff has yet to respond to EDS' outstanding interrogatories and requests for production. (*Id.*).

In its July 12, 2006, Order, the Court also granted EDS' request for sanctions and ordered Plaintiff to pay EDS reasonable expenses and attorney's fees incurred in making its Motion to Compel. [Docket No. 17]. To facilitate the order granting EDS sanctions, the Court ordered EDS to file an affidavit itemizing such fees and expenses by July 20, 2006. [Docket No. 17]. EDS complied with the Court's order and filed the requested affidavit on July 20, 2006. [Docket No. 19]. On August 3, 2006, upon consideration of EDS' affidavit in support of its fees and

2

costs, and in view of Plaintiff's failure to object to the proposed amount, the Court ordered that Plaintiff pay the sum of $918.31 to EDS on or before August 16, 2006, for expenses incurred in making its Motion to Compel. [Docket No. 20]. Despite the Court's Order, to date Plaintiff has not made such payment. (Smith Affidavit at ¶ 5).

### III. ARGUMENT AND AUTHORITIES

#### A. Plaintiff's Violation of Two Discovery Orders Warrants Dismissal.

Given that Plaintiff intentionally violated the Orders of this Court, not only once, but twice, this Court has authority under Rule 37(b) of the Federal Rules of Civil Procedure to strike Plaintiff's pleadings and enter a judgment by default against Plaintiff dismissing all claims against Defendants. *See* FED. R. CIV. P. 37(b)(2)(C). More particularly, Rule 37(b) specifies that if a party fails to comply with a court's order to provide or permit discovery, the court in which the action is pending may, among other things, issue an order ***"striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party."*** FED. R. CIV. P. 37(b)(2)(C)(emphasis added).

To this end, a district court may impose, under Rule 37, "an order treating as a contempt of court the failure to obey any orders." *Serra Chevrolet, Inc. v. Gen. Motors Corp.*, 446 F.3d 1137, 1147 (11th Cir. 2006). The court may also "penalize uncooperative attorneys or [a] parties litigant in discovery proceedings by requiring the payment of reasonable expenses, including attorney's fees, caused by the failure..." *Id.* Moreover, "[c]ivil contempt may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard…. [a] finding of a failure to comply with discovery orders is a finding of civil contempt." *Id.*

3

To date, this Court has given Plaintiff ample opportunity to correct her behavior; however, Plaintiff has failed to do so. For example, although the Court ordered Plaintiff to respond to EDS' discovery requests in its July 12, 2006 Order, Plaintiff disregarded this Court's Order entirely. [Docket No. 17]. Likewise, Plaintiff has failed to comply with this Court's Order to pay EDS $918.31 by August 16, 2006. [Docket No. 20]. Such irresponsible and disrespectful conduct has not only wasted this Court's valuable judicial resources, but has also compelled Defendants to incur unnecessary attorney fees. Inasmuch as Plaintiff's pattern of delay and neglect indisputably violates the spirit of the discovery rules and the principles of judicial economy, Plaintiff's conduct should be penalized.

Accordingly, Defendants respectfully requests the entry of an order striking Plaintiff's Complaint in its entirety and rendering a judgment by default against Plaintiff dismissing all claims against Defendants. Defendants further requests an award of attorney's fees in the amount of $1,000.00 for expenses incurred in drafting and filing this motion.

### B.    Plaintiff's Failure to Prosecute her Claims Warrants Dismissal.

In addition to its authority under Rule 37, a district court has authority under Rule 41(b), to "to dismiss an action for failure to prosecute or to obey a court order or federal rule." FED. R. CIV. P. 41(b); *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985). Rule 41(b) provides:

> ***For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant.*** Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or failure to join a party under Rule 19, operates as an adjudication upon the merits.

FED. R. CIV. P. 41(b)(emphasis added).

The district court's power to dismiss an action is "an inherent aspect of its authority to enforce its orders and insure prompt disposition of lawsuits." *Id.* To this end, the legal standard to be applied under Rule 41(b) is "whether there is a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." *Id.* The record in this case supports dismissal under Rule 41(b) because Plaintiff has engaged in a pattern of delay and an apparent deliberate refusal to comply or even acknowledge the Orders of this Court. As detailed more fully above, despite the Court's Order on July 12, 2006, directing that Plaintiff respond to EDS' discovery requests by July 21, 2006, Plaintiff has yet to do so more than five (5) weeks later. In addition, Plaintiff has failed to tender payment of the amount ordered as sanctions by the Court's deadline of August 16, 2006. Finally, Plaintiff has not even as much as acknowledged the Court's previous two (2) Orders or offered any explanation as to the reason or any justification for her inaction.

Moreover, the record supports an implicit finding that any lesser sanction than dismissal would not serve the interests of justice. *See Goforth*, 766 F.2d at 1535. Indeed, given that Plaintiff failed to respond or even object to EDS' previous request for sanctions, it is unlikely that imposing any sanction less than dismissal will trigger responsive action from Plaintiff.

C. **Plaintiff's Failure to Cooperate in Discovery has Prejudiced Defendants' Ability to Prepare a Defense.**

To date, Plaintiff has failed to produce a single responsive document or to respond to EDS' Interrogatories. Furthermore, as mentioned above, Plaintiff has failed to comply with two (2) of this Court's Orders, and has not taken any formal steps to advance her case since untimely serving Initial Disclosures on March 15, 2006, more than five (5) months ago. (Smith Affidavit at ¶ 6).

5

Plaintiff's dilatory tactics and overt disregard for her obligations under the Federal Rules of Civil Procedure and this Court's Orders have prejudiced Defendants' ability to prepare a defense. Without written discovery, Defendants' cannot fully prepare to depose the Plaintiff on her claims; nor are Defendants able to prepare motions for summary judgment before the Court's October 30, 2006 dispositive motion deadline. [*See* Docket No. 14]. Indeed, Plaintiff's inaction demonstrates an utter disregard for her obligations under the Federal Rules of Civil Procedure and this Court's Orders. Consequently, Plaintiff has effectively exposed herself to severe sanctions, including the striking of her pleadings and dismissal of her claims.

## IV. CONCLUSION

In the pending action, the requested sanctions, striking of Plaintiff's Complaint and dismissal of her claims with prejudice, are warranted to remedy the prejudice caused to and expenses incurred by EDS and Williams by Plaintiff's failure to prosecute this action, as well as Plaintiff's discovery abuses, including Plaintiff's failure to timely answer interrogatories, or to produce documents. Inasmuch as Defendants have been prevented from discovering highly relevant and unprivileged information, and have incurred unnecessary expenses as a result of Plaintiff's unjustified refusal to respond to or cooperate in the discovery process, Defendants request that the entirety of Plaintiff's claims be stricken with prejudice to refiling of same and that Plaintiff be ordered to pay Defendants' reasonable attorneys' fees and costs incurred in filing this motion in the amount of $1,000.00. (*See* Smith Affidavit at ¶ 7).

For the reasons stated above, EDS respectfully requests that this Court grant Defendant's Joint Motion to Dismiss with Prejudice and for all other relief to which it may show itself to be justly entitled.

Respectfully submitted,

**Baker & Hostetler LLP**

By: /s/
    Tonya A. Jacobs
    State Bar No. 00790954
    Fed. ID No. 18459
    Rachel M. Smith
    State Bar No. 24046483
    Fed. ID No. 570875
    1000 Louisiana, Suite 2000
    Houston, Texas 77002-5009
    Telephone: (713) 751-1600
    Telecopier: (713) 751-1717

**Burr & Forman LLP**

    Ashley H. Hattaway (HAT007)
    Wachovia Tower
    420 North Twentieth Street, Ste. 3100
    Birmingham, Alabama 35203
    Telephone: (205) 458-5135
    Telecopier: (205) 458-5100

Attorneys for Defendant
Electronic Data Systems Corporation

**Melton, Espy, & Williams, PC**

By: /s/
    James E. Williams (ASB-9283-W84J)
    Post Office Drawer 5130
    Montgomery, AL 36103-5130
    Telephone: (334) 263-6621
    Telecopier: (334) 269-9515
    jwilliams@mewlegal.com

Attorney for Defendant
Jeff Williams

## CERTIFICATE OF SERVICE

 I hereby certify that a true and correct copy of the foregoing document has been sent by certified mail, return receipt requested, to the following counsel of record on this the 28th day of August, 2006.

  L. D. Walker, III
  The Walker Law Firm
  8650 Minnie Brown Road, Suite 160
  Montgomery, Alabama 36117


       /s/
       Rachel M. Smith