IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

ADWOWA JACOBS,                        )
                                      )
    Plaintiff,                        )
                                      )
    v.                                )  CIVIL ACTION NO.
                                      )    2:05cv925-MHT
ELECTRONIC DATA SYSTEMS                )        (WO)
CORPORATION and JEFF                  )
WILLIAMS,                             )
                                      )
    Defendants.                       )

## ORDER

This case is before the court on a motion to dismiss filed by defendants Electronic Data Systems Corp. and Jeff Williams. The defendants assert that plaintiff Adwowa Jacobs failed to turn over discovery and did not comply with orders of the magistrate judge compelling discovery and assessing fees. The defendants also argue that they have been severely prejudiced by Jacobs's inaction because of an impending deadline to file a motion for summary judgment. The court concludes that

dismissal is too draconian a sanction at this time, but that additional fees and expenses will be assessed.

Dismissal or entry of default under Fed. R. Civ. P. 37 has been recognized as a severe sanction for failure to go forward with discovery. National Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 643 (1976). Similarly, Fed. R. Civ. P. 41(b) authorizes dismissal for failure to prosecute or for violating court orders. Gratton v. Great Am. Communications, 178 F.3d 1373, 1374 (11th Cir. 1999). However, before a court can order dismissal or entry of default as a sanction, it must consider the efficacy of other less drastic sanctions. In re Sunshine Jr. Stores, Inc., 456 F.3d 1291, 1305-06 (11th Cir. 2006); Malautea v. Suzuki Motor Co. Ltd., 987 F.2d 1536, 1542 (11th Cir. 1993).

Here, the court believes that a sanction less drastic than outright dismissal is appropriate at this time. Although the court finds the excuses proffered by Jacobs's attorney difficult to comprehend at best, and

possibly even disingenuous, the court will credit them this one time; the court, however, will tolerate no further delays or abuses of discovery in this case.

In light of the foregoing, it is ORDERED that the defendants' motion to dismiss (Doc. No. 21) is granted to the following extent only:

(1) The attorney for the plaintiff shall pay defendants' reasonable fees and expenses incurred in connection with the instant motion. The fees and expenses should come out of the pocket of plaintiff's attorney, not that of plaintiff.

(2) By September 22, 2006, the defendants shall file an affidavit itemizing the reasonable attorney's fees and expenses incurred in connection with the instant motion.

(3) By September 29, 2006, the plaintiff may file an objection to the reasonableness of said fees and expenses.

DONE, this the 15th day of September, 2006.

                                         /s/ Myron H. Thompson
                                     UNITED STATES DISTRICT JUDGE