IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ADWOWA JACOBS, | § | |
| Plaintiff, | § | |
| V. | § | CASE NO. 2:05-CV-925-T |
| ELECTRONIC DATA SYSTEMS CORPORATION AND JEFF WILLIAMS, | § § | |
| Defendants. | | |

**PLAINTIFF'S MEMORANDUM BRIEF IN SUPPORT
HER RESPONSE TO DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**

COMES NOW the Plaintiff, Adwowa Jacobs, and submits this Memorandum Brief in support of her contemporaneously filed Response To Defendants' Motion For Summary Judgment and states the following:

**STATEMENT OF FACTS**

Ms. Adwowa Jacobs has been an employee of Electronic Data Systems since August of 1997. (Exhibit 1: Adwowa Jacobs Deposition [hereinafter "Jacobs Dep."] at 22:4-7) On or about February 10, 2005, Ms. Adwawa Jacobs ("Plaintiff") was getting on an elevator when she felt someone touch her rear end. This person was Jeff Williams, a co-worker of the Plaintiff. Mr. Williams then proceeded to grab Plaintiff and pull her to him as he pushed her against the wall. He then proceeded to pull Ms. Jacobs blouse out of her pants and rub her stomach and lower breast. Defendant Williams then attempted to place his hand inside of Ms. Jacobs pants. (Jacobs Dep. at 62:10-23; 63:1-23; 64:1-23; EEOC Charge Form [hereinafter "Exhibit 2"])

Ms. Jacobs contacted Nancy Liebman with EDS' Department of Human Resources about

this incident. (Jacobs Depo. at 86:5-23; 87:1-23; Exhibit 2, Jacob's Statement)

On or about September 27, 2005, Plaintiff filed a Complaint in the Northern Division of the Middle District in the United States District Court. Ms. Jacobs alleges a violation of her rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. Ms. Jacobs claims include Sexual Harassment and Alabama State claims of Negligent Hiring, Training and Supervision, Wanton Hiring, Training and Supervision, Outrage, Assault and Battery and Invasion of Privacy. (Exhibit 3, Complaint)

### NEITHER EDS NOR DEFENDANT JEFF WILLIAMS ARE ENTITLED TO SUMMARY JUDGMENT AS A MATTER OF LAW

To support a motion for summary judgment, "the moving party [has] the burden of showing the absence of a genuine issue as to any material fact, and for these purposes the material it lodged must be viewed in the light most favorable to the opposing party." *Adickes v. S.H. Kress & Co.*, 298 U.S. 144, 157, 90 S.Ct. 1598, 1608 (1970). "A fact is material only if it might affect the outcome of the suit under the governing law, and a dispute about a material fact is genuine only if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *McDonald v. Delta Airlines, Inc.*, 94 F.3d 1437, 1440 (10th Cir. 1996). "To survive [a movant's] motion for summary judgment, [a non-movant] must establish that there is a genuine issue of material fact..." *Matsushita Elec. Indus. Co. V. Zenith Radio Corp.*, 475 U.S. 574, 585-86, 106 S.Ct. 1348, 1355 (1986).

By EDS own admission, the allegations of the Plaintiff were substantiated. (Exhibit 4, EDS Letter)

> EDS has completed it's investigation into your allegation of inappropriate behavior by a co-worker. **Your allegation was substantiated.** (Emphasis added) As you are aware, it is not appropriate for me to discuss what action

has or has not been taken concerning other employees, just as it would be inappropriate for me to discuss issues relating to your employment with other employees who do not have a need to know such information. Nevertheless, I want to assure you the matter has been appropriately addresses. However, if you should become aware of any such inappropriate conduct reoccurring, please notify me immediately so that EDS can take appropriate action....

Defendant EDS has acknowledged that the allegations outlined in the Plaintiff's Complaint are true. The letter sent to Ms. Jacobs doesn't state that 'some' or 'a few' of Ms. Jacobs allegations have been substantiated. It states that her allegation "was substantiated".

### SEXUAL HARASSMENT

In support of Ms. Jacobs position, one need look no further than the criteria required in order to establish a case of hostile work environment sexual harassment.

(A) She belongs to a protected class;

(B) She has been subjected to unwelcome sexual harassment;

(C) The harassment was based on her sex (gender);

(D) The harassment was sufficiently pervasive to alter the terms and conditions of her employment; and

(E) There must be a basis for holding the employer liable.

*Hulsy v. Pride Rest., L.L.C.* 367 F.3d 1238, 1244 (11th Cir. 2004). Defendants argue that Ms. Jacobs cannot establish either (D) or (E) of the above elements, when most certainly she can. As a result of Defendant Jeff Williams continued employment with Defendant EDS, the terms and conditions of Ms. Jacobs employment have been altered. Time and again Ms. Jacobs has been exposed to Defendant Jeff Williams in the workplace. (Jacobs Depo. at 102:1-23; 103:1-23; 105:1-23; 106: 1-23)

Ms. Jacobs found Defendant Jeff Williams behavior to be so upsetting that she had to see

a therapist. (Jacobs Depo. at 98:7-9; 99:17-23; 100:1-14)

### ASSAULT AND BATTERY

The elements for assault and battery in the State of Alabama are: (1) an intentional touching of the Plaintiff by the Defendant and (2) made in a harmful or offensive manner. *Harper v. Winston County* 892 So.2d 346, 353 (Ala. 2004)

It shocks the conscience to make the assumption that Defendant Jeff Williams did not 'intend' for his touching of Ms. Jacobs to be harmful of offensive. Ms. Jacobs found Defendant Jeff Williams behavior to be so disconcerting that she was under a Doctor's care for months after the incident ocurred. (Jacobs Depo. at 98:7-9; 99:17-23; 100:1-14) She has been on anti-depressants. (Jacobs Depo. at 191:19-23; 192:1-23) Further, the physical nature of the assault was such that Ms. Jacobs' shoulder was injured. (Jacobs Depo. at 186:2-23: 187:1-23; 188:1-23)

### CONCLUSION

Neither the Sexual Harassment claim against Defendant EDS nor the Assault and Battery claim against Defendant Jeff Williams are due to be dismissed in the case at hand. Plaintiff acquiesces to the positions of the Defendants on any other causes of action raised by the Plaintiff.

Respectfully Submitted this the 17th Day of November, 2006

L. D. WALKER, III (ASB-6237-R68L)
Attorney For Plaintiff

OF COUNSEL:

L. D. WALKER, III
8650 Minnie Brown Road; Suite 160
Montgomery, Alabama 36117
Telephone: (334)215-4513
Telecopier: (334)215-4532

## CERTIFICATE OF SERVICE

I certify that I have served a copy of the above and foregoing document upon the following parties, by United States mail, postage prepaid, and properly addressed on this the ____ day of _____, 2006.

**Baker & Hostetler, LLP**
Ms. Tonya A. Jacobs
1000 Louisiana, Suite 2000
Houston, Texas 77002-5009

**Burr & Forman, LLP**
Ms. Ashley Hattaway
Wachovia Tower
420 North Twentieth Street, Suite 3100
Birmingham, Alabama 35203

**Melton, Espy & Williams, PC**
James E. Williams
Post Office Drawer 5130
Montgomery, Alabama  36103-5130

**Melton, Espy & Williams, PC**
Mr. J. Flynn Mazingo
Post Office Drawer 5130
Montgomery, Alabama  36103-5130

_____
OF COUNSEL