IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ADWOWA JACOBS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| ELECTRONIC DATA SYSTEMS | § | 2:05-CV-925-MHT-SRW |
| CORPORATION AND JEFF | § | |
| WILLIAMS, | § | |
| | § | |
| Defendants. | § | |

**ELECTRONIC DATA SYSTEMS CORPORATION'S
REPLY TO PLAINTIFF'S RESPONSE TO
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Electronic Data Systems Corporation ("EDS"), one of the Defendants in the above-entitled and numbered cause, files this Reply to Plaintiff's Response to Defendants' Motion for Summary Judgment and, in support thereof, would respectfully show the Court the following:

I.   PLAINTIFF HAS ABANDONED ALL CAUSES OF ACTION ALLEGED AGAINST EDS EXCEPT FOR SEXUAL HARASSMENT

As recognized by the Eleventh Circuit:

> In opposing a motion for summary judgment, "a party may not rely on [her] pleadings to avoid judgment against [her.]" There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment. Rather, the onus is upon the parties to formulate the arguments; grounds alleged in the complaint but not relied upon in summary judgment are deemed abandoned.

*Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) (citations omitted).

By failing to address or respond to EDS' Motion for Summary Judgment on these claims, Plaintiff has abandoned her causes of action for: negligent hiring, training and supervision;

wanton hiring, training and supervision; outrage; and invasion of privacy.[1]  *See, e.g.*, *Road Sprinkler Fitters Local Union No. 669 v. Independent Sprinkler Corp.*, 10 F.3d 1563, 1568 (11th Cir. 1994); *Lazzara v. Howard A. Esser, Inc.*, 802 F.2d 260, 269 (7th Cir. 1986); *Stack v. Dep't of the Army*, 160 Fed. Appx. 857, 857 (11th Cir. 2005) (holding that the plaintiff abandoned her claim for racial discrimination and hostile work environment when she failed to rely upon them in opposition to summary judgment); *Ramige v. McNeil Nutritionals, Inc.*, 2006 U.S. Dist. LEXIS 73441 at *36 (S.D. Ala. Sept. 29, 2006) (by failing to assert any argument or proffer any evidence in support of his claim for age discrimination, such claims were deemed to have been abandoned following submission of the defendants' motions for summary judgment); *Hogan v. City of Montgomery*, 2006 U.S. Dist. LEXIS 78277 at *12 (M.D. Ala. Oct. 26, 2006) (the plaintiff abandoned his claim under Section 1983 as alleged in his Complaint because his response to the motion for summary judgment failed to address that claim).

II.   THERE IS NO EVIDENCE TO SUPPORT PLAINTIFF'S SEXUAL HARASSMENT CAUSE OF ACTION AGAINST EDS.

It is undisputed that, in order to establish a *prima facie* case of hostile work environment sexual harassment, Plaintiff must establish: (1) that she belongs to a protected class; (2) that she has been subjected to unwelcome sexual harassment; (3) that the harassment was based on her sex; (4) that the harassment was sufficiently severe or pervasive to alter the terms and conditions of her employment and create a discriminatorily abusive working environment; and (5) a basis for holding EDS liable.  *Hulsey v. Pride Rest., L.L.C.*, 367 F.3d 1238, 1244 (11th Cir. 2004); *Williams v. Russell Corp.*, 218 F. Supp.2d 1283, 1292 (M.D. Ala. 2002).  As established in its

---

[1] Plaintiff has previously admitted that the cause of action for assault and battery set forth in her Complaint is plead against Mr. Williams alone and not EDS. (Plaintiff's Dep. at 210:1-10). Thus, Plaintiff has also specifically and affirmatively abandoned this cause of action against EDS.

Motion for Summary Judgment, there is no evidence to support a finding that the alleged harassment was sufficiently severe or pervasive to alter the terms and conditions of Plaintiff's employment, much less that there is a basis to hold EDS liable for such alleged harassment. (*See* EDS' Motion for Summary Judgment [Docket #40] pp. 8-14).  Plaintiff's argument that these essential elements of her cause of action have been met simply because Mr. Williams remained employed by EDS is without any legal support.

What, if any, remedial action taken by EDS in response to Plaintiff's allegation of harassment has no impact on whether or not the complained of conduct was severe or pervasive. As set forth in its Motion for Summary Judgment, Plaintiff's claim of sexual harassment is based solely on the one incident that allegedly occurred on the elevator between herself and Mr. Williams on February 10, 2005, lasting between 45-60 seconds. (Plaintiff's Dep. at 54:20-22, 57:1-12, 669-18, 225:20-256:9). This single incident of a sexual advance by a non-supervisory co-worker is not sufficiently severe or pervasive to alter the conditions of Plaintiff's employment and create a hostile working environment. *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998); *Mendoza v. Borden, Inc.*, 195 F.3d 1238, 1249 (11th Cir. 1999); *Meriweather v. Caraustar Packaging Co.*, 326 F.3d 990, 993 (8th Cir. 2003); *Brooks v. City of San Mateo*, 229 F.3d 917, 924 (9th Cir. 2000); *Beaver v. Montana Dep't of Natural Res. and Conservation*, 78 P.3d 857, 867 (Mont. 2003).

Likewise, the fact that Mr. Williams was not fired does not render the remedial action that was taken by EDS ineffective. To be considered remedial, the action taken by EDS must simply be reasonably likely to prevent the misconduct from recurring in the future. *Kilgore v. Thompson & Brock Mgm't, Inc.*, 93 F.3d 752, 754 (11th Cir. 1997). As Plaintiff herself as admitted, the remedial action taken has had such result—Plaintiff has not been subjected to

sexual harassment by Mr. Williams since her complaint. (Plaintiff's Dep. at 101:10-12, 101:17-23, 122:14-19, 142:20-143:6).

> Merely because the Plaintiff may feel that other punishment may have been appropriate does not mean that the employer's remedial actions were inadequate. It is not the role of this court to determine if an offending employee was disciplined in a manner which the Plaintiff feels was appropriate, but to determine whether remedial efforts were adequate.

*Portera v. Winn Dixie of Montgomery, Inc.*, 996 F.Supp. 1418, 1427-28 (M.D. Ala. 1998); *see also Knabe v. Boury Corp.*, 114 F.3d 407, 414 (3rd Cir. 1997) (stating that "punitive action against the harassing employee, *e.g.,* reprimand, suspension or dismissal, is not necessary to insulate the employer from liability…[s]o long as the remedy is reasonably calculated to prevent future instances of harassment"); *Goodstein v. Gunther Motor Co.*, 1996 WL 903950 at *11 (S.D. Fla. 1996) (noting that "it is not enough for the plaintiff merely to point out ways in which she thinks the remedial actions could have been better or to point to how the remedial expectations did not meet her expectations").

Because Plaintiff has proffered no evidence to support either of these essential elements of her cause of action for sexual harassment, EDS is entitled to judgment as a matter of law.

III.    CONCLUSION

It is undisputed that EDS has promulgated a policy specifically prohibiting workplace harassment and provides its employees with harassment training on an annual basis. Once Plaintiff reported the alleged harassment by her co-worker (who had not had any previous complaints against him during his seven (7) years of employment with EDS), an investigation was undertaken and prompt and effective remedial action was taken. Plaintiff has admitted that following the investigation, she has not been subjected to any sexual harassment by Mr.

Williams.  Given these undisputed facts, Plaintiff's cause of action for sexual harassment against EDS fails as a matter of law.

    EDS respectfully requests that this Court enter an order granting this Motion for Final Summary Judgment against Plaintiff, Adwowa Jacobs, dismiss all of the claims asserted against it in this matter with prejudice, and grant EDS all other relief at law or in equity to which it shows itself to be justly entitled.

    Respectfully submitted,

    **Baker & Hostetler LLP**

    By:   s/Tonya A. Jacobs
        Tonya A. Jacobs
        State Bar No. 00790954
        Fed. ID No. 18459
        Rachel M. Smith
        State Bar No. 24046483
        Fed. ID No. 570875
        1000 Louisiana, Suite 2000
        Houston, Texas 77002-5009
        Telephone:  (713) 751-1600
        Telecopier:  (713) 751-1717

    **Burr & Forman LLP**

        Ashley H. Hattaway (HAT007)
        Wachovia Tower
        420 North Twentieth Street, Ste. 3100
        Birmingham, Alabama 35203
        Telephone:  (205) 458-5135
        Telecopier:  (205) 458-5100

    Attorneys for Defendant
    Electronic Data Systems Corporation

**CERTIFICATE OF SERVICE**

    I hereby certify that on the 27th day of November, 2006 I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of the filing to the following:

    L. D. Walker, III
    The Walker Law Firm
    8650 Minnie Brown Road, Suite 160
    Montgomery, Alabama 36117

    James E. Williams
    Melton, Espy & Williams, P.C.
    255 Dexter Avenue
    P.O. Drawer 5130
    Montgomery, Alabama 36103



    /s/
    Tonya A. Jacobs