IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| ADWOWA JACOBS, ) | |
| ) | |
|     Plaintiff ) | |
| ) | |
|     v. ) | CIVIL ACTION NO. |
| ) | 2:05cv925-MHT |
| ELECTRONIC DATA SYSTEMS ) | (WO) |
| CORPORATION and JEFF ) | |
| WILLIAMS, ) | |
| ) | |
|     Defendants. ) | |

OPINION

Plaintiff Adwowa Jacobs brings this sexual harassment lawsuit against defendants Electronic Data Systems Corporation (EDS) and Jeff Williams. Jacobs alleges that the defendants violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 1981a, 2000e to 2000e-17, and additionally asserts state-law claims for outrage, assault and battery, invasion of privacy, and negligent hiring, training, and supervision, and wanton

hiring, training, and supervision.[1]  This court has original jurisdiction over the Title VII claim pursuant to 42 U.S.C. § 2000e-5(f)(3), as well as supplemental jurisdiction over the state-law claims pursuant to 28 U.S.C. § 1367.

This case is currently before the court on the defendants' motions for summary judgment.  For the reasons that follow, summary judgment will be granted on all but the assault-and-battery claim, which will be dismissed without prejudice.

### I. SUMMARY-JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and

---

1. The Title VII, outrage, and invasion of privacy claims were directed at both defendants.  The assault-and-battery claim was directed at Williams only, and the claims for negligent hiring, training, and supervision and wanton hiring, training, and supervision were directed at EDS only.

that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Under Rule 56, the party seeking summary judgment must first inform the court of the basis for the motion, at which point the burden then shifts to the non-moving party to demonstrate why summary judgment would not be proper. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); see also Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115-17 (11th Cir. 1993) (discussing burden-shifting under Rule 56). The non-moving party must affirmatively set forth specific facts showing a genuine issue for trial and may not rest upon the mere allegations or denials in the pleadings. Fed. R. Civ. P. 56(e).

The court's role at the summary-judgment stage is not to weigh the evidence or to determine the truth of the matter, but rather to determine only whether a genuine issue exists for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). In doing so, the court must view the admissible evidence in the light most favorable

to the non-moving party and draw all reasonable inferences in favor of that party. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986).

## II. DISCUSSION

### A. Abandoned Claims

In Jacobs's response to the defendants' motions for summary judgment, Jacobs opposed summary judgment on only two claims: her Title VII claim against EDS and her assault-and-battery claim against Williams. On all of her other claims, Jacobs "acquiesce[d] to the positions of the Defendants...." Pl. Br. at 4. The court will therefore treat those claims as abandoned and grant summary judgment thereon. <u>Road Sprinkler Fitters Local Union No. 669 v. Independent Sprinkler Corp.</u>, 10 F.3d 1563, 1568 (11th Cir. 1994); <u>Beasley v. Conopco, Inc.</u>, 273 F.Supp.2d 1239, 1246 n.2 (M.D. Ala. 2003) (Albritton, J.).

4

## B. Title VII

Title VII makes it "an unlawful employment practice for an employer ... to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's ... sex." 42 U.S.C. § 2000e-2 (a)(1). Sexual harassment violates Title VII's prohibition of discrimination based on sex when the "terms, conditions, or privileges of employment" include a discriminatorily hostile or abusive environment. Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993); Meritor Sav. Bank, FSB v. Vinson, 477 U.S. 57, 66-67 (1986); Mendoza v. Borden, Inc., 195 F.3d 1238, 1244 (11th Cir. 1999) (en banc).

"To prove sexual harassment under Title VII, a plaintiff must show (1) that she belongs to a protected group; (2) that she has been subjected to unwelcome sexual harassment; (3) that the harassment was based on her sex; (4) that the harassment was sufficiently severe or pervasive to alter the terms and conditions of

employment and create a discriminatorily abusive working environment; and (5) that a basis for holding the employer liable exists." Hulsey v. Pride Rests., LLC, 367 F.3d 1238, 1244 (11th Cir. 2004). If a plaintiff is unable to establish all five elements, the defendant is entitled to judgment as a matter of law.

In this case, Jacobs's Title VII claim for sexual harassment cannot survive summary judgment because she failed to respond to EDS's request for admissions. Under Rule 36(a) of the Federal Rules of Civil Procedure,[2] a

---

2. Rule 36(a) states in relevant part:

"A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(b)(1) set forth in the request that relate to statements or opinions of fact or of the application of law to fact....

"The matter is admitted unless, within 30 days after service of the request, ... the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the
(continued...)

6

party may serve on any other party a written request for admission of the truth of a matter. Fed. R. Civ. P. 36(a).[3] If a party fails to respond to a request for admission within 30 days, the matter is deemed admitted. Id. In this case, on March 27, 2006, EDS served Jacobs with requests for 17 admissions, including the following:

> "REQUEST FOR ADMISSION NO. 6: Admit that you have not been harassed because of your gender.
>
> ...
>
> "REQUEST FOR ADMISSION NO. 15: Admit that you have never been subject to unwelcome sexual harassment during your employment with EDS."

EDS Ex. A-2, at 7-8. Jacobs having failed to respond to EDS's requests for admissions, the magistrate judge

---

    2.  (...continued)
        matter, signed by the party or by the party's attorney."

Fed. R. Civ. P. 36(a).

    3.  Rule 36(a) encompasses admissions as to a fact, a mixed question of law and fact, and even admissions on an ultimate issue or one that would otherwise be dispositive of the case. See 8A Wright, Miller & Marcus, Federal Practice & Procedure § 2256, at 538 (1994).

entered an order on July 12, 2006, deeming them admitted by operation of Rule 36(a).

Under Rule 36(b),[4] a court may permit a party to withdraw an admission if "the presentation of the merits will not be subserved by the withdrawal" and "the party obtaining the admissions would not be prejudiced in its presentation of the case by the withdrawal."  Smith v. First Nat'l Bank of Atlanta, 837 F.2d 1575, 1577 (11th Cir. 1988).  In this case, however, Jacobs has filed no motion to withdraw the admissions or set aside the

---

4. Rule 36(b) states in relevant part:

> "Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Subject to the provision of Rule 16 governing amendment of a pre-trial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits."

Fed. R. Civ. P. 36(b).

magistrate judge's order.  Nor did Jacobs even address the issue in her brief in opposition to summary judgment, despite the defendants having argued that summary judgment was warranted on the basis of the admissions. See EDS Mot. Summ. J. at 7 n.3; Williams Mot. Summ. J. at 16.  As Rule 36(b) expressly provides for withdrawal only "on motion," the court will not sua sponte withdraw Jacobs's admissions or set aside the order of the magistrate judge.  See Am. Auto. Ass'n v. AAA Legal Clinic, 930 F.2d 1117, 1120 (5th Cir. 1991).

Admittedly, Jacobs has opposed summary judgment with other evidence that tends to contradict the admissions. Jacobs's deposition testimony is generally inconsistent with her admissions that she had not been harassed because of her gender and had never been subject to unwelcome sexual harassment during her employment at EDS.[5]

---

5. Viewed in the light most favorable to Jacobs absent her admissions, the evidence reflects the following.  Jacobs, an EDS employee since 1997, was entering the elevator at her workplace after lunch on February 10, 2005, when she felt someone touch her rear
(continued...)

5. (...continued)
end. She found herself alone in the elevator with Jeff Williams, a non-supervisory co-worker, who grabbed her, pressed his body against her, and forced her against the wall. Despite Jacobs's verbal and physical protests, Williams persisted, saying he was cold and wanted her to warm him up. Williams untucked Jacobs's blouse, rubbed her stomach and breasts, and began to put his hand down her pants. Williams laid his head on her shoulder and told Jacobs it felt good. When the elevator came to a stop, Williams walked out. Williams Ex. E.

Immediately thereafter, Jacobs sent the following e-mail to Williams: "What just happened in the elevator please don't let that happen again. That was very inappropriate and disrespectful. No need to apologize in the future let's just keep things on a business level." EDS Ex. B-3. Williams replied: "I understand, just joking around with you, no disrespect meant." EDS Ex. B-4.

Jacobs reported the incident to EDS, and EDS conducted an investigation. There were no witnesses, and Williams stated that all he did was hug Jacobs. Unable to substantiate more than a 'hugging,' and having no record of previous complaints or problems with Williams, EDS reprimanded Williams with a verbal warning, required him to complete an online workplace harassment training course, and instructed Jacobs to report any future incidents. Liebman Decl. ¶¶ 8-11.

On June 13, 2005, Jacobs again complained to EDS about Williams's conduct. This time, she alleged that Williams was intimidating her, following her, and staring at her, both in and out of the workplace. EDS again investigated, but Williams denied any misconduct and none of his co-workers would corroborate Jacobs's allegations. EDS told Williams that he was to stay away from Jacobs. Id. ¶¶ 12-13.

Jacobs has found these incidents so disturbing that
(continued...)

But admissions are unlike other evidence in that a party cannot rebut its own admissions by introducing evidence that contradicts it. In re Carney, 258 F.3d 415, 420 (5th Cir. 2001) ("Since Rule 36 admissions, whether express or by default, are conclusive as to the matters admitted, they cannot be overcome at the summary judgement stage by contradictory affidavit testimony or other evidence in the summary judgment record."); United States v. Kasuboski, 834 F.2d 1345, 1350 (7th Cir. 1987); see also 8A Wright, Miller & Marcus, § 2264, at 572-74. Once an issue is deemed admitted, the admission is conclusive unless withdrawn upon motion to the court. Perez v. Miami-Dade County, 297 F.3d 1255, 1264 (11th Cir. 2002); United States v. 2204 Barbara Lane, 960 F.2d 126, 129 (11th Cir. 1992); Stubbs v. Comm'r, 797 F.2d

---

5. (...continued)
she has sought medical and psychological care as a result. She has suffered from anxiety attacks, depression, paranoia, and insomnia, and she was afraid to ride the elevator alone. As a result of her physical altercation with Williams in the elevator, Jacobs suffered a painful physical injury to her shoulder which has required medical care and physical therapy. Jacobs Dep. at 176-209.

936, 937-38 (11th Cir. 1986) (per curiam).

As stated, the court's role at the summary-judgment stage is not to weigh the evidence or to determine the truth of the matter, but rather to determine only whether a genuine issue exists for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). If this case were to proceed to trial, Jacobs would not be permitted to introduce evidence to rebut the admissions she has already made during the discovery phase of this litigation. Williams v. City of Dothan, 818 F.2d 755, 762 (11th Cir. 1987); see also Am. Auto. Ass'n, 930 F.2d at 1120. Jacobs has admitted that she was not harassed because of her gender and she was never subject to unwelcome sexual harassment during her employment with EDS. EDS Ex. A-2, at 7-8. These admissions preclude recovery under Title VII, which in a sexual harassment suit requires that the plaintiff be subject to unwelcome harassment on the basis of sex. Hulsey, 367 F.3d at 1244. Accordingly, there is no genuine issue of material

fact as to Jacobs's Title VII claim, and EDS is entitled to judgment as a matter of law.

### C. Supplemental State-Law Claim

This court "may decline to exercise supplemental jurisdiction over a claim if ... [it] has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).  Because summary judgment is due to be granted on Jacobs's Title VII claim, the court declines to exercise supplemental jurisdiction over her non-abandoned state-law claim against Williams for assault and battery.  Accordingly, the assault-and-battery claim will be dismissed, albeit without prejudice.  See United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726-27 (1966); L.S.T., Inc. v. Crow, 49 F.3d 679, 685 (11th Cir.1995).  Pursuant to 28 U.S.C. § 1367(d), the applicable statute of limitations under state law will be tolled 30 days so as to allow Jacobs time to refile that claim in state court.

* * *

For the foregoing reasons, the court concludes that summary judgment should be granted in favor of the defendants on Jacobs's Title VII claim as well as her abandoned claims, while her remaining state-law claim against Williams for assault and battery should be dismissed without prejudice.

An appropriate judgment will be entered.

DONE, this the 18th day of December, 2006.

                                        /s/ Myron H. Thompson
                                  **UNITED STATES DISTRICT JUDGE**