IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ADWOWA JACOBS ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. 2:05-cv925-MHT |
| ) | (WO) |
| ELECTRONIC DATA SYSTEMS ) | |
| CORPORATION; JEFF WILLIAMS ) | |
| ) | |
| Defendants. ) | |

### PLAINTIFF'S MOTION TO VACATE, SET ASIDE, ALTER OR AMEND JUDGMENT OR IN THE ALTRENATIVE FOR RELIEF FROM JUDGMENT AND ITS ORDER GRANTING SUMMARY JUDGMENT

**COMES NOW**, Plaintiff Adwowa Jacobs, pro se, and move this Honorable Court pursuant to Rule 59 (e), *Fed. R. Civ. P.*, to vacate, set aside, alter or amend it judgment and order granting summary judgment in the above-styled cause, or in the alternative for Relief from Order and Judgment, pursuant to 60(b), *Fed. R. Civ. P.* In support thereof, plaintiff shows the court as follows:

1. The Court's order and judgment effectively lands the plaintiff a gross miscarriage of justice as a direct result of inadequate legal representation and ineffective assistance of counsel. The Court's Order contains representations that are not true and if the court let stand will result in the plaintiff being thrice victimized, (by her attorney, the defense and the court) compounding her prior victimization at the hands of, (no pun intended), defendant Jeff Williams. Indeed, 60(b)(6), *Fed. R. Civ. P.* set forth as grounds for relief from judgment "any other reason *justifying* relief from the operation of the judgment." [Emphasis added]. It is not true that the ". .

1

. [plaintiff] failed to respond to EDS's request for admissions" and that the plaintiff "abandoned" her claims alleging negligent and wanton hiring, training and supervision and invasion of privacy. Your Honor, I represent to the Court in clear and unequivocally terms: **I RESPONDED TO THE DEFENDANTS' REQUESTS FOR ADMISSIONS AND I DENIED THE REPRESENTATIONS CONTAINED THEREIN**. (The use of upper case letters and bold are intended for emphasis and that the reader garners the sincere conviction with which I make this utterance). To the extent that Attorney Leon D. Walker, III, represented to the Court that I abandoned any of my claims or that I "acquice[d] to the positions of the Defendants . . ." he did so without consulting with me, without my authorization and without my consent. Indeed, he unlawfully took a position that was adverse to me and that was contrary to the evidence. I direct the Court's attention to Footnote 5 of the Court's Summary Judgment Order. The footnote accurately depicts a course of event that is tantamount to a "near rape experience" that left me traumatized. Alabama law sets forth the following elements for the tort of invasion of privacy: "The tort of invasion of privacy has been defined as the wrongful intrusion into one's private activities in such a manner as to outrage or cause mental suffering, shame or humiliation to a person of ordinary sensibilities." *Phillips v. Smalley Maintenance Services, Inc.*, 435 So.2d 705 (Ala. 1983). The law goes on to state that unwelcome sexual advances and offensive sexual battery is of the sort of prying into a woman's affairs that encompasses the tort of invasion of privacy. I submit to the Court that whereas in this case Defendant Jeff Williams pinned me against the wall of the elevator, put his hands up my blouse and down my pants, the facts as recited in footnote 5 clearly seems to falls within the ambit of Alabama law defining the tort of invasion of privacy.

2.	With respect to the court's finding that I failed to respond to EDS's Request for Admissions, I submit to the Court that on or about April 9, 2006 I responded to the Request for Admissions and supplied the information to Attorney Walker via email, I hand delivered a hard copy him at his office, as well as was I submitted the responses to him on a floppy disk. See, Plaintiff's Exhibit A. Attorney Leon Walker, III mailed me a correspondence dated March 31, 2006 regarding Defendant EDS's written discovery. A copy of the same is attached hereto as *Plaintiff's Exhibit B.* Mr. Walker stated for me "to answer the response on a separate sheet of paper and that he would finalize them for my signature". *Plaintiff's Exhibit B.* I submitted my responses long before the Magistrate's Order represented in the Court's Order on summary judgment. (See, Court's Order, page 8). I further submit that my responses to the Request for Admission as set forth on page 7 of the Court's Order as follows:

"6.	Yes I have been harassed because of my gender."

"15. Yes I have."

*See, Plaintiff's Exhibit A.* To the extent that Attorney Walker failed to submit my responses to Defendant EDS, he neglected to afford me adequate and effective assistance of counsel and his negligence cannot and should not be imputed to me. His negligence was adverse to my interest and for this Court to impute the same to me compulsory results in a gross miscarriage of justice. I submit that under Rule 36(b), *Fed R. Civ. P.*, Your Honor and this Court may permit me to withdraw the purported admission by Mr. Walker on my behalf because among other reasons, "the presentation of the merits will not be subserved by the withdrawal" and "the party obtaining the admissions would not be prejudiced in its presentation of the case by the withdrawal." *Smith v. First Nat'l Bank of Atlanta,* 837 F.2d 1575, 1577 (11th Cir. 1988). The

merits of the case will not be subserved nor will EDS be prejudiced because EDS by correspondence to me dated September 15, 2006, post marked October 2, 2006 via certified mail, represents that " EDS has completed its investigation into [my] allegation of inappropriate behavior by a co-worker. Your allegation was substantiated." *Plaintiff's Exhibit C.* This is an admission by EDS regarding my allegations of sexual harassment that I suffered at the hands of Defendant Jeff Williams within the line and scope of my employment with Defendant EDS.

    3.    In May 2006 Mr. Walker asked me to come to his office for my signature. I went to his office and signed the documentations for the discovery responses in front of a notary all the paperwork that required my signature. Around July-August 2006 Mr. Walker had his secretary to contact me (on my cellular) and stated that I had to sign some documents. When I arrived in his office to my surprise there were some paper work that I signed previously from the Interrogatories and Response. I questioned those and asked the secretary about them. I contacted Mr. Walker on his cellular phone and asked him about it and he stated that "it was an oversight in my file that everything was okay". I stated to him that I signed those same paperwork in his office before. I also on several occasion tried contacting my attorney for a meeting and other legal matters pertaining to this case. I venture to say that 99 % of the time I would not get a response from him and if I did, he was calling to inform me that the case was going smoothly. When I insist on meeting him he would tell me to meet him in his office and when I get there he would not be there. I would call him to see if I had the time incorrect and he would state that he had an emergency and had to leave. My frustrations and concerns about Mr. Walker's representation resonantes from my correspondence to him dated November 11, 2006. *See, Plaintiff's Exhibit D.* Indeed, my correspondence of November 11, 2006 depicts a scary

4

premonition of the Court's summary judgment order almost four weeks later, December 18, 2006.

    For the Court's information I submit the following course of events after my November 11, 2006 correspondence to Attorney Walker:  On November 17, 2006 I contacted Mr. Walker (*Exhibit E*) for a copy of my response in opposition to the motion for summary judgment and he stated "I'm still finalizing that document and I could pick it up on Monday". I went to my attorney's office on Monday November 20, 2006 and he was not in I then called him on his cellular and he stated he forgot so I went back unannounced on November 21, 2006 an obtained a copy. On November 22, 2006 (*Exhibit F*) I informed Mr. Walker via email that I reviewed the summary judgment and saw son discrepancies and would like for a change in them he stated that "it was a small formality that would not make a difference when filing" I informed him that I would feel comfortable in those changes and would be by to pick up a corrective copy. On November 27, 2006 Mr. Walker informed me that the judge order mediation and that we had to meet in a couple of days.  We met at the law office of Espy before we went in Mr. Walker informed me that EDS is willing to make a settlement offer of $2000 and that I should agree to that and think about moving on with my life. I informed Mr. Walker that is was an insult that they would offer that and I want to press on. Mr. Walker then informed me that the case is going to be dismissed in summary judgment because it was too weak. I informed Mr. Walker that I want to take my chance in front of a jury. We went into the mediation room and were conference in with Tonya Jacobs and Mr. Walker stated that we did not need to mediate that we could mediate on our own. We were in mediation no more than ten minutes. Outside the office Mr. Walker asked me to think about what it is I wanted and to get back to him…but he stated that it's

5

a weak case and I'll be lucky to get $3000. On December 6, 2006 I emailed Mr. Walker and stated that I would be by for a corrective copy of the Brief in opposition to the motion for summary judgment. (*Exhibit G*). He responded "I will be in meetings all day…call me and will set up a time" I called his secretary and left a message. On December 10 2006 (*Exhibit H*) I sent Mr. Walker an email again complaining about the handling of the case and another request for a meeting. This went on for about a week. On December 22, 2006 I meet Mr. Walker finally in his office in what I thought would be a meeting. He gave me a copy of the corrective summary judgment (*Exhibit I*) and asked for a sit down meeting I did not hear from Mr. Walker until December 28, 2006 and he informed me that the case was thrown out. He stated" that the judge felt the case was so weak that he had no other choice but to throw it out." He then stated that Tonya Jacobs made an offer of $3500 for my resignation and that I had to make a decision before the end of the year *(Exhibit J)*. I asked for a copy of the judgment order and a copy of my file. I also stated that I want to sit down and go over my file and the doctor's information with him. He stated that he would be in his office on December 29, 2006 at 9:30 a.m. and we could meet then. I went to his office and Mr. Walker was not there. His secretary provided me with a file.. On December 30, 2006. (*Exhibit K*). I emailed Mr. Walker requesting some paperwork and reviews. In the Court's Order on Summary Judgment, page 9 "Jacobs opposed summary judgment with other evidence that tends to contradict the admissions. Jacobs's deposition testimony is generally inconsistent with her admission that she had not been harassed because of her gender and had never been subject to unwelcome sexual harassment during her employment at EDS." I submit that I provided all responses to the defendant's request for admissions as well as my signature on all documents to my attorney that I was indeed violated because of my gender and was. I provide

all documentations to my attorney and I do not understand why he failed to submit this information to the courts.

I request that Your Honor would consider reversing your decision on the summary judgment for because my attorney Leon "Dee" Walker, III, failed to represent me properly. I submit that absent the Court's finding that I failed to respond to Defendant EDS's request for admissions, the evidence shows that there is a genuine issue of material fact warranting a denial of summary judgment.

**WHEREFORE, PREMISES CONSIDERED,** plaintiff would have this court grant this motion to set aside, vacate, alter or amend its judgment and order of summary judgment. In the alternative, plaintiff would have this court grant her relief from its order and judgment.

Respectfully submitted,

_____
**Adwowa Jacobs**
**Plaintiff, Pro Se**

**PLAINTIFF REQUESTS A HEARING ON THIS MATTER.**

## CERTIFICATE OF SERVICE

I hereby certify that on this the ___3rd___ day of January, 2007, a copy of the foregoing was duly served upon the following:

>Tonya A. Jacobs
>**BAKER & HOSTETLER, LLP**
>1000 Louisiana, Suite 2000
>Houston, Texas 77002-5009
>
>Ashley H. Hattaway
>**BURR & FORMAN, LLP**
>WACHOVIA TOWER
>420 North Twentieth Street, Suite 3100
>Birmingham, Alabama 35203
>
>James W. Williams
>**MELTON, ESPY & WILLIAMS, P.C.**
>Post Office Drawer 5130
>Montgomery, Alabama 36103-5130
>
>L. D. Walker, III
>**The WALKER LAW FIRM**
>8650 Minnie Brown Road, Suite 160
>Montgomery, Alabama 36117

by depositing the same in the United States Mail.

_____
**Adwowa Jacobs**
**Plaintiff, Pro Se**