IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ADWOWA JACOBS, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| ELECTRONIC DATA SYSTEMS | § | 2:05-CV-925-MHT-SRW |
| CORPORATION AND JEFF | § | |
| WILLIAMS, | § | |
| | § | |
| Defendants. | § | |

**ELECTRONIC DATA SYSTEMS CORPORATION'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO VACATE, SET ASIDE, ALTER OR AMEND JUDGMENT OR IN THE ALTERNATIVE FOR RELIEF FROM JUDGMENT AND ITS ORDER GRANTING SUMMARY JUDGMENT**

Electronic Data Systems Corporation ("EDS"), one of the Defendants in the above-entitled and numbered cause, files this Response in Opposition to Plaintiff's Motion to Vacate, Set Aside, Alter or Amend Judgment or in the alternative for Relief from Judgment and its Order Granting Summary Judgment [Docket #58] and, in support thereof, would respectfully show the Court the following:

**I.**

Plaintiff seeks relief from this Court's Order granting summary judgment alleging that she received ineffective assistance of counsel. As recognized by the Eleventh Circuit, there is no right to counsel in a civil proceeding and, thus, Plaintiff's allegation of "ineffective assistance of counsel" is not a basis for the relief sought. *U.S. v. 817 N.E. 29th Drive, Wilton Manors*, 175 F.3d 1304, 1311 n.14 (11th Cir. 1999) (citing *Mekdeci ex rel. Mekdeci v. Merrell Nat'l Lab.*, 711 F.2d 1510, 1522-23 (11th Cir. 1983)). The only remedy for the alleged incompetence of Plaintiff's counsel is a suit against him for malpractice. *Id.*; *see also Mekdeci*, 711 F.2d at 1523

(recognizing that, absent an erroneous ruling by the district court, the attorney's conduct is not a ground for reversing the judgment in the original action).

## II.

In a case similar to this action, the Eleventh Circuit affirmed the district court's order granting summary judgment where the plaintiff alleged ineffective assistance of counsel. More specifically, in *Barrow v. Georgia Pacific Corp.*, 2005 U.S. app. LEXIS 17401 (11th Cir. 2005),[1] a number of employees filed suit against their employer alleging racial discrimination and harassment. After the district court granted summary judgment in favor of the employer, one of the plaintiffs, proceeding pro se, alleged that the decision should be reversed because she had received ineffective assistance of counsel. *Id*. at *12. Refusing to reverse the summary judgment based on this argument the Eleventh Circuit held that "a party does not have any right to a new trial in a civil suit because of inadequate counsel, but has as its remedy a suit against the attorney for malpractice." *Id.*

Likewise, in *Fry v. Muscogee County School Dist.*, 2005 U.S. App. LEXIS 22285 (11th Cir. 2005),[2] the Eleventh Circuit specifically refused to grant relief to a plaintiff who requested that a remedy be provided for "the recipient of the consequences of poor legal practice" in an action brought under the Americans with Disabilities Act. *Id.* at *8-9. In holding that it could not "provide a remedy for the alleged errors" of the plaintiff's lawyers, the Eleventh Circuit noted that there is no constitutional or statutory right to effective assistance of counsel in a civil suit and that a plaintiff does not have a right to a new trial in a civil suit because of inadequate counsel. *Id.*

---

[1] A true and correct copy of the *Barrow* decision is attached hereto as Exhibit 1 for the Court's convenience.
[2] A true and correct copy of the *Fry* decision is attached hereto as Exhibit 2 for the Court's convenience.

### III.

Plaintiff voluntarily chose counsel to represent her in this action and cannot now avoid the consequences of her chosen counsel's acts or omissions at the expense of EDS. *Link v. Wabash*, 370 U.S. 626, 633-34 (1962). Regardless of the legitimacy of her allegations relating to the actions of her counsel, the only remedy available to Plaintiff is an action against her counsel and not reversal of the summary judgment previously granted by this Court.

WHEREFORE, EDS respectfully requests that the Court deny Plaintiff's Motion and for such further relief as it may justly be entitled.

Respectfully submitted,

**Baker & Hostetler LLP**

By: s/Tonya A. Jacobs
Tonya A. Jacobs
State Bar No. 00790954
Fed. ID No. 18459
Rachel M. Smith
State Bar No. 24046483
Fed. ID No. 570875
1000 Louisiana, Suite 2000
Houston, Texas 77002-5009
Telephone: (713) 751-1600
Telecopier: (713) 751-1717

**Burr & Forman LLP**

Ashley H. Hattaway (HAT007)
Wachovia Tower
420 North Twentieth Street, Ste. 3100
Birmingham, Alabama 35203
Telephone: (205) 458-5135
Telecopier: (205) 458-5100

Attorneys for Defendant
Electronic Data Systems Corporation

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 10th day of January 2007 I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of the filing to the following:

      L. D. Walker, III
      The Walker Law Firm
      8650 Minnie Brown Road, Suite 160
      Montgomery, Alabama 36117

      James E. Williams
      Melton, Espy & Williams, P.C.
      255 Dexter Avenue
      P.O. Drawer 5130
      Montgomery, Alabama 36103

      In addition, given Plaintiff's representation that she is proceeding pro se, a copy of this Response has been served on Plaintiff at her last know address as indicated below on this 10th day of January 2007 via Certified Mail, Return Receipt Requested:

      Adwowa Jacobs
      1525 Flamingo Lane
      Montgomery, Alabama 36116

      /s/
      Tonya A. Jacobs