IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ADWOWA JACOBS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. 2:05-CV-925-MHT-SRW |
| | ) |
| ELECTRONIC DATA SYSTEMS | ) |
| CORP., and JEFF WILLIAMS, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT JEFF WILLIAMS'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO VACATE, SET ASIDE, ALTER OR AMEND JUDGMENT OR IN THE ALTERNATIVE, FOR RELIEF FROM JUDGMENT AND ITS ORDER GRANTING SUMMARY JUDGMENT**

**COMES NOW** the Defendant, **JEFF WILLIAMS**, and in opposition to Plaintiff's Motion to Vacate, Set Aside, Alter or Amend Judgment or in the Alternative, for Relief From Judgment and its Order Granting Summary Judgment, states as follows:

1. Defendant Williams hereby adopts and incorporates as if separately set forth herein the Response in Opposition to the Plaintiff's Motion filed by Electronic Data Systems Corporation ("EDS"). As argued by EDS, in a civil proceeding there is no constitutional nor statutory right to effective assistance of counsel. Mekdeci v. Merrell National Laboratories, 711 F. 2d 1510, 1522 (11th Cir. 1983).

2. In addition, the Plaintiff seeks relief pursuant to Fed. R. Civ. P., 60(b)(6), which provides that a Court may relieve a party from a final judgment or order for "any other reason justifying relief from the operation of the judgment." However, the Plaintiff fails to cite any law or authority that would permit the set aside of the summary judgment in favor of defendants EDS and Williams based on a claim of ineffective assistance of counsel. According to the Advisory

Committee Comments to Rule 60: "It should be noted that Rule 60(b) does not assume to define the substantive law as to the grounds for vacating judgments, but merely prescribes the practice and proceedings to obtain relief."

3.      As noted by Defendant EDS, the law does not permit the set aside of summary judgment on the basis of ineffective assistance of counsel. Accordingly, Rule 60(b)(6) can provide the Plaintiff no relief in this matter. Therefore, the Plaintiff's Motion fails to state a case for Rule 60(b)(6) relief and therefore should be denied.

Respectfully submitted this the 17th day of January, 2007.

/s/ J. Flynn Mozingo
JAMES E. WILLIAMS (ASB-9283-W84J)
J. FLYNN MOZINGO (ASB-9111-O73J)
Melton, Espy & Williams, PC
255 Dexter Avenue
Post Office Drawer 5130
Montgomery, AL 36103-5130
Telephone: (334) 263-6621
Facsimile: (334) 263-7252
jwilliams@mewlegal.com
fmozingo@mewlegal.com

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following on this the 17th day of January, 2007:

| | |
|---|---|
| *Counsel for Plaintiff:* | *Counsel for Electronic Data Systems Corporation:* |
| L.D. Walker, III | Ashley H. Hattaway |
| Suite 150 | Wachovia Tower |
| 8650 Minnie Brown Road | 420 North Twentieth Street, Suite 3100 |
| Montgomery, AL 36117 | Birmingham, AL 35203 |
| (334) 215-4513 | (205) 458-5135 |
| deewalker@parkplacecenter.com | ahattawa@burr.com |
| | |
| | Tonya A. Jacobs |
| | Baker Hostetler |
| | 1000 Louisiana |
| | Suite 2000 |
| | Houston, TX 77002-5009 |
| | tjacobs@bakerlaw.com |

           /s/ J. Flynn Mozingo
           Of Counsel

    A copy of the foregoing will also be served upon Plaintiff at her last known address, via United States Postal Service, Certified Mail, Return Receipt Requested, postage prepaid an properly addressed as follows:

Adwowa Jacobs
1525 Flamingo Lane
Montgomery, AL 36116

           /s/ J. Flynn Mozingo
           Of Counsel