IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


| | | |
|---|---|---|
| ADWOWA JACOBS, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 2:05cv925-MHT |
| ELECTRONIC DATA SYSTEMS | ) | (WO) |
| CORPORATION and JEFF | ) | |
| WILLIAMS, | ) | |
| | ) | |
| Defendants. | ) | |


OPINION AND ORDER

Plaintiff Adwowa Jacobs has filed a motion to vacate
the summary judgment entered in favor of defendants
Electronic Data Systems Corporation (EDS) and Jeff
Williams on her federal claim of sexual harassment and
all but one of her supplemental state-law claims. Jacobs
v. Electronic Data Systems Corp., 2006 WL 3742202 (M.D.
Ala. 2006) (Thompson, J.). For the reasons that follow,
Jacobs's motion will be denied.

## I. BACKGROUND

Jacobs, represented by an attorney, filed suit against the defendants on September 27, 2005, alleging violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 1981a, 2000e to 2000e-17, and additionally asserting state-law claims for outrage, assault and battery, invasion of privacy, and negligent and wanton hiring, training, and supervision.[1]    On December 18, 2006, this court granted summary judgment on all but the assault-and-battery claim.

There were essentially two bases for the court's decision. First, in Jacobs's response to the defendants' motions for summary judgment, Jacobs opposed summary judgment on only two claims: her Title VII claim against EDS and her assault-and-battery claim against Williams. On all of her other claims, Jacobs "acquiesce[d] to the

---

1. The Title VII, outrage, and invasion-of-privacy claims were directed at both defendants. The assault-and-battery claim was directed at Williams only, and the claims for negligent and wanton hiring, training, and supervision were directed at EDS only.

positions of the Defendants...." Pl. Br. Opposing Def. Mot. Summ. J. at 4.  The court therefore treated those claims as abandoned and granted summary judgment thereon.

Second, Jacobs's Title VII claim for sexual harassment could not survive summary judgment because she failed to respond to EDS's request for admissions.  More than five months earlier, the magistrate judge had ordered the admissions deemed admitted by operation of Rule 36(a) of the Federal Rules of Civil Procedure, and Jacobs had never moved to withdraw the admissions as permitted by Rule 36(b).  The admissions negated essential elements of a Title VII claim, thereby precluding recovery under that statute as a matter of law.  Accordingly, the court granted summary judgment on the Title VII claim against EDS.  The only claim remaining was a supplemental state-law claim for assault and battery, which the court dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

Jacobs, proceeding pro se, files this motion to vacate, alleging serious deficiencies in the representation she received from her attorney. According to Jacobs, this court's judgment against her stems from two instances of inadequate legal representation. First, Jacobs states that when she "acquiesce[d] to the positions of the Defendants" on all but her Title VII claim against EDS and her assault-and-battery claim against Williams, Pl. Br. at 4, her attorney abandoned those claims without consulting her and without her authorization or consent. Second, Jacobs alleges that her failure to respond to EDS's request for admissions, which resulted in summary judgment against her on the remaining Title VII claim, was entirely the result of her attorney's failure to respond to the request for admissions, since Jacobs herself provided her lawyer with responses to the admissions before they were due and long before the magistrate judge entered an order deeming them admitted.

4

As a result of these alleged incidents of inadequate legal representation, Jacobs seeks relief under Rule 59(e) of the Federal Rules of Civil Procedure, which permits a party to file a motion to alter or amend a judgment. In the alternative, Jacobs seeks relief under Rule 60(b), which provides for relief from a final judgment.

## II. STANDARDS

Rule 59(e) authorizes a motion to alter or amend a judgment after its entry. Rule 59(e) provides no specific grounds for relief, and "the decision to alter or amend judgment is committed to the sound discretion of the district judge." American Home Assur. Co. v. Glenn Estess & Assocs., Inc., 763 F.2d 1237, 1238-39 (11th Cir. 1985). There are four basic grounds for granting a Rule 59(e) motion: (1) manifest errors of law or fact upon which the judgment was based; (2) newly discovered or previously unavailable evidence; (3) manifest injustice

in the judgment; and (4) an intervening change in the controlling law. 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 2810.1, at 124-27 (2d ed. 1995). Rule 59(e) may not be used to relitigate old matters or to present arguments or evidence that could have been raised prior to judgment. O'Neal v. Kennamer, 958 F.2d 1044, 1047 (11th Cir. 1992). Furthermore, a judgment will not be amended or altered if to do so would serve no useful purpose. 11 Wright, Miller & Kane, supra, § 2810.1, at 128.

Rule 60(b) is another procedural vehicle for obtaining relief from a final judgment. The Rule provides six specific grounds for relief, two of which are relevant here: "(1) mistake, inadvertence, surprise, or excusable neglect; ... or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). Relief under Rule 60(b)(1) is warranted when a party "should not be deprived of the opportunity to present the merits of the claim because of

a technical error or slight mistake by the party's attorney." 11 Wright, Miller & Kane, <u>supra</u>, § 2858, at 272-73. Relief under Rule 60(b)(6) is an extraordinary remedy, is warranted only under exceptional circumstances, and is left to the sound discretion of the district court. <u>Toole v. Baxter Healthcare Corp.</u>, 235 F.3d 1307, 1317 (11th Cir. 2000); <u>Griffin v. Swim-Tech Corp.</u>, 722 F.2d 677, 680 (11th Cir. 1984).

### III. DISCUSSION

The court's consideration of Jacobs's motion will proceed as follows. First, the court must ensure that the motion is timely. Next, assuming the motion is timely, the court will consider whether Jacobs has asserted legally proper grounds for relief. Finally, if proper grounds have been asserted, the court will determine whether the court's equitable discretion to afford such relief should be exercised in this case.

## A. Timeliness

Jacobs's motion is timely under both Rules.  Motions under Rule 59(e) must be filed no later than 10 days after entry of the judgment.  Fed. R. Civ. P. 59(e).  The court entered its judgment on December 18, 2006, and Jacobs filed her motion on January 3, 2007.  Since the 10-day limitation excludes weekends and legal holidays, Fed. R. Civ. P. 6(a), Jacobs's motion is timely under Rule 59(e).

A motion under Rule 60(b)(1) must be made within a reasonable time, and not more than one year after entry of the judgment.  A motion under Rule 60(b)(6) must also be made within a reasonable time, but there is no one-year limit.  Fed. R. Civ. P. 60(b).  Jacobs's motion, filed weeks after the entry of judgment, is undeniably timely under Rule 60(b).  That Jacobs's motion was also timely under Rule 59(e) does not preclude the court from considering its merits under Rule 60(b).  See 12 James Wm. Moore, Moore's Federal Practice § 59.05[7][b] (3d ed.

8

2006); <u>Jennings v. Rivers</u>, 394 F.3d 850, 854-56 (10th Cir. 2005).

## B. Grounds for Relief

Having found that Jacobs's motion was timely, the court proceeds to the next inquiry: whether attorney error is a legally cognizable ground for relief under either Rule 59(e) or Rule 60(b). The court concludes that, under certain circumstances, it is.

The defendants' arguments against Jacobs's motion to vacate focus on Jacobs's use of the term "ineffective assistance of counsel." That has become a term of art in constitutional law that refers to the right of a criminal defendant under the Sixth Amendment to adequate representation. <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). As the defendants correctly point out, there is no constitutional or statutory right to effective assistance of counsel in a civil case. <u>Mekdeci v. Merrell Nat'l Labs.</u>, 711 F.2d 1510, 1522 (11th Cir.

9

1983).    Accordingly,    the    poor    representation    Jacobs
allegedly    received    did    not    violate    any    constitutional
right.

This    does    not    end    the    court's    inquiry,    however,
because    it    does    not    answer    the    question    of    whether    Rules
59(e)    or    60(b)    recognize    attorney    error    as    a    basis    for
relief.    Under    Rule    59(e),    the    district    court    "enjoys
considerable    discretion    in    granting    or    denying    the
motion."    11    Wright,    Miller    &    Kane,    _supra_,    §    2810.1,    at
124.    Among    the    grounds    for    relief    under    Rule    59(e)    is
that    it    is    necessary    to    prevent    manifest    injustice.    _Id_.
at    126.    "Serious    misconduct    of    counsel"    may    justify
relief    under    this    theory.    _Id_.    at    126-27;    12    Moore,
_supra_,    §    59.30[5][a][v];    _see also_    _Adams v. James_,    526
F.Supp.    80,    86    (M.D.    Ala.    1981)    (Hobbs,    J.);    _Dale & Selby_
_Superette & Deli v. U.S. Dep't of Agriculture_,    838
F.Supp.    1346,    1347-48    (D.    Minn.    1993)    (Doty,    J.).

Under    Rule    60(b),    the    court    also    has    discretion    to
grant    relief    due    to    attorney    error,    but    that    discretion

is more limited. Under Rule 60(b)(1), the court is authorized to grant relief when deadlines are missed due to "excusable neglect." In determining whether neglect is "excusable," the court must take into account equitable considerations such as the "danger of prejudice to the [parties], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership, 507 U.S. 380, 395 (1993). The Supreme Court has emphasized that in weighing these factors, the court must hold clients accountable for the errors of their attorneys. Id. at 396 (citing Link v. Wabash R.R. Co., 370 U.S. 626, 633-34 (1962)). Thus, in determining whether the neglect was excusable, the focus of the court's inquiry must be on whether the attorney's error was excusable, not on whether the client was

11

diligent in selecting, monitoring, and cooperating with counsel.  Id. at 397.

Some courts have also granted relief under Rule 60(b)(6).  See, e.g., Boughner v. Sec'y of Health, Educ. & Welfare, 572 F.2d 976 (3d Cir. 1978); L.P. Steuart, Inc. v. Matthews, 329 F.2d 234 (D.C. Cir. 1964); see also Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc., 803 F.2d 1130, 1133 (11th Cir. 1986) (recognizing such cases).  In those cases, attorney error is effectively so gross as to constitute abandonment.  When this occurs, some courts have refused to hold clients accountable for their attorneys' dereliction.

In sum, attorney error occasionally forms the legal basis for relief under Rules 59(e) and 60(b).  Therefore, Jacobs has stated legally adequate grounds for relief.


C. Exercise of Discretion

The final question is whether, under the circumstances of this case, such relief should be granted

to Jacobs. Even when a movant has stated legally cognizable grounds for relief from a final judgment, such relief is granted rarely and only in extraordinary circumstances. The court must carefully weigh several competing interests, including the interest in finality, the interest in conservation of judicial resources, the interest in adjudication on the merits, and the interest that justice be done. See 12 Moore, supra, §§ 59.30[4], 60.22[2]; 11 Wright, Miller & Kane, supra, §§ 2810.1 at 124, 2857 at 255-57 & 259-62; Edward H. Bohlin Co. v. Banning Co., 6 F.3d 350, 355-56 (5th Cir. 1993).

With these limitations in mind, the court concludes that the relief Jacobs seeks is not warranted in this case. Two considerations animate the court's conclusion: first, whether the specific instances of inadequate representation Jacobs complains of warrant relief; and, second, whether Jacobs would have a meritorious legal claim if this case were to proceed.

13

## 1. Jacobs's Legal Representation

The court will first eliminate from consideration those aspects of Jacobs's motion arising from allegations of inadequate legal representation that fall short of the requirements for Rules 59(e) and 60(b). As stated, Jacobs argues that when she "acquiesce[d] to the positions of the Defendants" on all but her Title VII claim against EDS and her assault-and-battery claim against Williams, Pl. Br. at 4, her attorney abandoned those claims without consulting Jacobs and without her authorization or consent. When a party expressly states that she is abandoning a claim, this is not "excusable neglect" under Rule 60(b)(1), which is designed to relieve parties from missed deadlines, computer glitches, and similar oversights. As the Supreme Court made clear in Pioneer Investment Services, 507 U.S. at 396-97, clients are held accountable for the mistakes of their attorneys, such that motions for relief due to excusable neglect focus on whether the attorney's mistake was

14

excusable as if the party had made the error, not whether the attorney acted against the wishes of his client. Accordingly, even if Jacobs's attorney never obtained her consent to drop the claims, she cannot obtain relief under Rule 60(b)(1).

Nor does the express abandonment of claims rise to the severity of attorney misconduct required for relief under Rules 59(e) and 60(b)(6). When a litigant retains counsel, the client entrusts the attorney with the fiduciary duty of making certain strategic and tactical decisions about the case, decisions for which the client is accountable even when made without express authorization or approval--and, needless to say, even when they are bad decisions.[2] Decisions to concede

---

2. The attorney-client relationship is widely recognized as an agency relationship: the client is the principal and the attorney is her agent. See Link v. Wabash R.R. Co., 370 U.S. 626, 634 (1962); Baldayaque v. United States, 338 F.3d 145, 154 (2d Cir. 2003) (Jacobs, J., concurring); Restatement 2d Agency § 14 cmt. b (1958); DeMott, The Lawyer As Agent, 67 Fordham L. Rev. 301 (1998); Note, The Agency Theory of the Attorney-Client Relationship, 1988 Duke L.J. 733. Liability for
(continued...)

certain parts of a case in order to focus on others, or not to pursue every possible claim cognizable under the law, are examples of strategic or tactical choices well within the scope of the attorney's authority, decisions that bind the client. See Haynes v. Cain, 298 F.3d 375, 381 (5th Cir. 2002). By contrast, the kinds of attorney misconduct justifying relief under Rule 60(b)(6) indicate a complete failure of an attorney to provide any meaningful representation at all--in essence, a collapse of the attorney-client relationship altogether. See Boughner, 572 F.2d at 978; L.P. Steuart, 329 F.2d at 235. The court believes that, in order to warrant relief under the "manifest injustice" provision of Rule 59(e), attorney misconduct must be of a similar magnitude.

Accordingly, the court finds that relief is not warranted on Jacobs's motion with respect to the claims

---

(...continued)
agents' actions undertaken within the scope of their agency is imputed to the principal, as opposed to actions undertaken outside the scope of the agency or once the agency relationship no longer exists.

16

she abandoned in her brief opposing the defendants'
motions for summary judgment.    These were decisions
regarding litigation strategy, and the consequences of
any error made by Jacobs's attorney in abandoning those
claims must be borne by Jacobs herself.

2. The Merits of Jacobs's Title VII Claim Against EDS

    With respect to Jacobs's failure to respond to EDS's
request for admissions, however, the court recognizes
that Jacobs's attorney was not making a strategic or
tactical decision on behalf of his client.    In fact, it
is fairly obvious that Jacobs's attorney made no decision
at all--he simply did not respond to the requests for
admission, nor did he move to withdraw the admissions
once they were deemed admitted by an order of the
magistrate judge.    See Fed. R. Civ. P. 36(b).    This
failure to meet deadlines and file motions might fall
within the excusable neglect category of Rule 60(b)(1),
or, since it could reflect a complete lack of lawyering

17

altogether, it might fall within the provisions for attorney misconduct recognized under Rules 59(e) and 60(b)(6).

In this case, however, the court declines to exercise its discretion to set aside the judgment against Jacobs for another reason: even should the case proceed with her admissions withdrawn, it appears unlikely that she will prevail.

Under Rule 59(e), "amendment of the judgment will be denied if it would serve no useful purpose." 11 Wright, Miller & Kane, supra, § 2810.1 at 128; see Taylor v. First North Am. Nat'l Bank, 331 F.Supp.2d 1354, 1355 (M.D. Ala. 2004) (Thompson, J.). And, under Rule 60(b), a "precondition of relief ... is that the movant show that he or she has a meritorious claim or defense." 12 Moore, supra, § 60.24. Jacobs obviously does not have to prove her case in the motion to vacate, but it is within the court's discretion to consider whether there is a realistic possibility that she will prevail.

Because the court is unwilling to revisit the claims Jacobs abandoned, and because her assault-and-battery claim was dismissed without prejudice, the real question is whether her Title VII claim against EDS is meritorious. In her motion to vacate, Jacobs notes that EDS investigated Jacobs's allegation of harassment by Williams and found that her allegation was substantiated. Therefore, Jacobs argues, EDS has admitted that her sexual harassment claim has merit.

Unfortunately for Jacobs, these facts are not enough to establish a case of sexual harassment under Title VII. "To prove sexual harassment under Title VII, a plaintiff must show (1) that she belongs to a protected group; (2) that she has been subjected to unwelcome sexual harassment; (3) that the harassment was based on her sex; (4) that the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) that a basis for holding the

19

employer liable exists." Hulsey v. Pride Rests., LLC,
367 F.3d 1238, 1244 (11th Cir. 2004). If the court were
to consider the evidence presented at the summary-
judgment stage of the case and assume that Jacobs's
admissions were withdrawn, Jacobs would still fall short
in establishing the fifth element, that a basis for
holding EDS liable for Williams's conduct exists.

In a Title VII suit based on co-worker harassment,
"the employer will be held directly liable if it knew or
should have known of the alleged sexual harassment but
failed to take prompt remedial action." Miller v.
Kenworth of Dothan, Inc., 277 F.3d 1269, 1278 (11th Cir.
2002). Here, the evidence reflects that EDS promptly
investigated Williams but was able to substantiate
Jacobs's allegation only to the extent that he admitted
to having 'hugged' her. There were no other complaints
against Williams. EDS took corrective action by
reprimanding Williams for the 'hugging' and requiring him
to take an online sexual harassment course. Based on the

evidence, it appears that EDS took prompt remedial action once it received Jacobs's complaint.  The question, of course, is not whether the remedial action was adequate in light of what Jacobs contends actually happened to her in the elevator, but whether EDS's overall response--the investigation plus its discipline of Williams based on the investigation's results--was adequate in light of Jacobs's complaint.  The evidence reflects that it most arguably was.

Although the court is not prepared to re-litigate Jacobs's summary-judgment motion within her motion to vacate, the court is confident that denying her motion to vacate with respect to her Title VII claim against EDS will not work a manifest injustice.  Even if Jacobs received such woefully inadequate legal representation that the court would consider a motion to vacate on that basis, the court declines to exercise its discretion to do so here because Jacobs's case, on the merits, is so weak.

* * *

Accordingly, it is ORDERED that defendant Adwowa Jacobs's motion to vacate (doc. no. 58) is denied.

DONE, this the 22nd day of January, 2007.


                        /s/ Myron H. Thompson
                    UNITED STATES DISTRICT JUDGE